## COMMONWEALTH *vs.* JOSIAH HERRICK.

The statute of 1850, *c.* 232, § 1, amending the Rev. Sts. *c.* 47, §§ 1, 2, 3, by striking out the word "spiritous," wherever it occurs, and inserting in place thereof the word "intoxicating," does not repeal those sections of the revised statutes.

THIS was a complaint under the Rev. Sts. *c.* 47, § 2, alleging that the defendant, on the first of January, 1848, at Gloucester, he not being then and there first duly licensed, according to law, as an innholder or common victualler, did sell to a person named a certain quantity, to wit, one half gill of spiritous liquor, to be used in the defendant's building actually occupied by him as a shop in Gloucester.

The justice of the peace, before whom the complaint was originally brought, gave judgment against the defendant, who thereupon appealed to the court of common pleas, and after verdict against him in that court, at the May term, 1850, moved in arrest of judgment, on the grounds:—1st. That the law, under which the complaint was made, had been repealed; and, 2d. That there was no law which authorized the court to enter judgment against the defendant on this complaint.

The presiding judge of the court of common pleas, being of opinion that the questions of law arising upon this motion were so important as to require the decision of this court, at the request of the defendant, reported the case for the purpose of presenting those questions.

*W. D. Northend,* for the defendant. The *St.* 1850, *c.* 232, having, by substituting a different word, repealed the word "spiritous" in the Rev. Sts. *c.* 47, §§ 1, 2, 3, all that depends upon that word is equally repealed. *Commonwealth* v. *Kimball,* 21 Pick. 373; *Commonwealth* v. *Marshall,* 11 Pick. 350; *Commonwealth* v. *Mott,* 21 Pick. 492; *Commonwealth* v. *Getchell,* 16 Pick. 452. Every thing set forth in this complaint may be true, and yet the defendant not be guilty of any offence. *Moore* v. *Commonwealth,* 6 Met. 243. The offence is not set out in the words of the present statute. *Commonwealth* v. *Tuck,* 20 Pick. 356, 362. A license under the new law is not negatived in the complaint. *Commonwealth* v. *Roberts,* 1 Cush. 505. The new law repeals the old, as it operates to affix a new penalty (by § 3, on a third conviction); otherwise it would be retrospective to that extent.

*Clifford,* attorney-general, for the commonwealth. The *St.* 1850, *c.* 232, was not intended to, and does not, repeal the Rev. Sts. *c.* 47, §§ 1, 2, 3. It was intended to enlarge, not to repeal, the former statute. The courts will not favor a repeal by implication; but both statutes must stand together, if they can. *Haynes* v. *Jenks,* 2 Pick. 172, 176; *The Argo,* 1 Gall. 150; *Moore* v. *Houston,* 2 S. & R. 169, 185; *Chesapeake & Ohio Canal* v. *Baltimore & Ohio Railroad,* 4 Gill & J. 1; *Mc Cartee* v. *Orphan Asylum Society,* 9 Cowen, 437. In *Commonwealth* v. *Kimball,* 21 Pick. 373, the court said, that both statutes might stand together, but for the change of penalty; yet there was more difference, independent of the penalty, between the Rev. Sts. and the *St.* 1838, *c.* 157, than there is here between the Rev. Sts. and the *St.* 1850. These statutes may well stand together. All spiritous liquors are intoxicating; so that the new statute omits nothing that was included in the old, but only adds intoxicating liquors, not spiritous. In this complaint, there could be no negativing of a license under the *St.* 1850, because that statute was not in existence when the complaint was made. *St.* 1850, *c.* 232, § 3, does not increase the penalty, but only requires the giving of sureties to keep the peace, and these the court of common pleas required before.

SHAW, C. J.   This is a complaint against the defendant, charging the sale of spiritous liquors by retail, on the first of January, 1848.   The prosecution was commenced by complaint before a justice of peace, afterwards brought to the court of common pleas by appeal, and upon conviction and motion in arrest of judgment, brought to this court by a report of the judge, under the Rev. Sts. *c.* 138, § 12.

The ground, on which the motion in arrest of judgment is founded, is, that the law, under which the prosecution was instituted and the case tried, has been repealed by the statute of 1850, *c.* 232, so that no judgment can now be passed.   It is undoubtedly true, that to warrant a judgment in any criminal prosecution, the law making the act done an offence, and providing for its punishment, must be in force when the act is done, and the judgment rendered; and, therefore, if the law is repealed before judgment, without a saving clause, in respect to offences committed previously to its repeal, no judgment can be given.   *Commonwealth* v. *Kimball*, 21 Pick. 373.

Is this case within that principle ?   The statute relied upon, as having repealed the statute on which this complaint was founded, ( *St.* 1850, *c.* 232,) certainly does not repeal the preexisting statute in terms; if it effects such repeal at all, it must be by implication, and because it is repugnant.   The provision is, that the 47th chapter of the revised statutes is hereby amended by striking out " spiritous," and inserting the word " intoxicating," in the several clauses prohibiting the retail sale of liquor. The second section has no application, and the third provides, that upon a third conviction a party may be required to enter into a recognizance, with a condition not to violate the law.

This section does not alter the penalty, upon a first or second conviction, but leaves the law in this respect unchanged. The question therefore is, whether the former law is repealed by implication; and this depends upon a just construction of the statute, in determining whether they are repugnant.   If they are, and to the extent to which they are repugnant, the later repeals the earlier.

The act in question is quite peculiar in its form; professing to amend a former statute, which had been long in force, by

striking out one term and inserting another. Still, whatever may be the form of the enactment, if it is intelligible, if we can gather from it the intent and meaning of the legislature, it must be carried into effect. This statute cannot be construed and applied literally; it is impossible that an act passed in 1836 should be amended by an act of 1850, so as to consist of other than the words in which it was passed, and to make it operate as if the words had always stood, as the amending act would make it. This would make it act retrospectively, contrary to the manifest intent of the legislature. The act, therefore, requires construction, and, in giving it, we must look at the object and purpose of the legislature, to ascertain their intent. It is very manifest, that it was not their intent to discontinue, or put an end to the operation of, the former act; on the contrary, they intended that it should continue in operation, under a modification. The intent manifestly was, not to take away, diminish, or alter the penalties in existing cases, but to bring another class of cases within the operation of the act, not included before. So far as this did include new cases, it was a new law, and must begin to take effect from the passage of that act.

The word "intoxicating" includes a larger class of cases than "spiritous." They bear the relation to each other of genus and species; all spiritous liquors are intoxicating, but all intoxicating liquors are not spiritous. It has the same effect, as if a new act had been passed, providing, that other cases shall be included in the class of acts, punishable by a prior statute, specifically referred to or named. The latter is not repugnant to the former, and therefore does not repeal it by implication. They may well stand together, and both be in force. If the word "spiritous" were struck out, and no word simultaneously inserted, including the same meaning, the conclusion insisted on would follow; the statute making the act criminal would be repealed, and no judgment could be given. But if "intoxicating," *ex vi termini*, includes "spiritous," then there has been no moment, from the time the offence was committed to the present, when the law was not in force punishing the offence of retailing spiritous liquor. Suppose the prior act

had made the offence consist in retailing rum, brandy, and so on, enumerating all the common strong drinks; but in consequence of the changes in the modes of compounding mixed liquors, and the invention of new names, the statutes were in danger of being evaded, and a law should pass, similar to the one in question, substituting the general term, "intoxicating liquors," for the specific kinds named, it would not, we think, repeal the existing law, because the substituted enactment would embrace all which were expressed in the previous one, and some more. Had the form of the act of 1850 been substantially this, reciting, that the benefits of the former act would be better promoted, by extending its prohibitions to the retail of all intoxicating liquors, and then enacting that the retail sale of any and all intoxicating liquors, whether spiritous or not, should be prohibited, in the same manner, and under the same penalties, &c., there could be no ground to hold that the former was repealed, or that a person convicted under the prior law, for selling spiritous liquors, would not be punishable in the same manner as if the subsequent one had not been passed; and it seems to us that the operation would be the same.

With these views of the construction and legal effect of the statute of 1850, the court are of opinion, that it did not repeal those clauses of the Rev. Sts. *c.* 47, to which it referred, and which it professed to amend; and that the motion in arrest of judgment, founded on such supposed repeal, cannot be sustained. *Exceptions overruled.*