### COMMONWEALTH *vs.* ROBERT GREY & wife.

A complaint or indictment, which alleges an unlawful sale of "spirituous or intoxicating liquor," is bad for uncertainty, even after a plea of *nolo contendere.*

A COMPLAINT, made to a justice of the peace, alleged that the defendants, on the 18th of June 1854, at Canton, "without any authority or license therefor duly had and obtained according to law, did sell spirituous or intoxicating liquor to one Patrick G. White," &c. The defendants, being found guilty by the justice, appealed to the court of common pleas, and there pleaded that they would not contend with the Commonwealth, and this plea was received by the court. They then moved in arrest of judgment, "because said complaint does not charge the violation of any statute of this commonwealth, substantially in accordance with the requirements of law." *Mellen,* C. J. being of opinion that the question of law arising upon this motion was so doubtful as to require the decision of this court, reported the case, with the consent of the defendants.

*E. Wilkinson,* (District Attorney,) for the Commonwealth.

*B. Sanford,* for the defendants.

METCALF, J. It is a general rule, that an indictment, information or complaint, must not charge a party disjunctively, so as

to leave it uncertain what is relied on as the accusation against him. 2 Hawk. *c.* 25, § 58. 1 Chit. Crim. Law, 231. 1 Stark. Crim. Pl. (2d ed.) 245. Thus an indictment, which averred that S. made à forcible entry into two closes of meadow *or* pasture, was held to be bad. *Speart's case,* 2 Rol. Ab. 81. So of an information which alleged that N. sold beer *or* ale without an excise license. *The King* v. *North,* 6 Dowl. & Ryl. 143. See also *Rex* v. *Morley,* 1 Y. & Jerv. 221; *Ex parte Pain,* 5 B. & C. 251; *Rex* v. *Sadler,* 2 Chit. R. 519; *Davy* v. *Baker,* 4 Bur. 2471.

When the word " or " in a statute is used in the sense of " to wit," that is, in explanation of what precedes, and making it signify the same thing, a complaint or indictment, which adopts the words of the statute, is well framed. Thus it was held, in *Brown* v. *Commonwealth,* 8 Mass. 59, that an indictment was sufficient, which alleged that the defendant had in his custody and possession ten counterfeit bank bills *or* promissory notes, payable to the bearer thereof, and purporting to be signed in behalf of the president and directors of the Union Bank, knowing them to be counterfeit, and with intent to utter and pass them, and thereby to injure and defraud the said president and directors; it being manifest from *St.* 1804, *c.* 120, § 2, on which the indictment was framed, that " promissory note " was used merely as explanatory of " bank bill," and meant the same thing. So in *The State* v. *Gilbert,* 13 Verm. 647, an information was held sufficient, which alleged that the defendant feloniously stole, took and carried away a mare " of a bay *or* brown color; " the court saying that the colors named in the information were the same. And if spirituous liquor and intoxicating liquor were the same, and the word " intoxicating " had been used in *St.* 1852, *c.* 322, as a mere explanation of the word " spirituous," the complaint in the present case would have been rightly drawn. But the two words are not synonymous. All spirituous liquor is intoxicating; yet all intoxicating liquor is not spirituous. In common parlance, spirituous liquor means distilled liquor; and such, we believe, is its meaning in the statute. Fermented liquor, though intoxicating, is not spirituous.

A complaint or indictment on the statute should charge the

defendant, either with selling spirituous liquor, or with selling intoxicating liquor, or with selling spirituous liquor *and* intoxicating liquor. The latter form is usually adopted; and it is well settled that it is a proper form, and that proof of the defendant's having sold either spirituous liquor or intoxicating liquor, as well as proof of his having sold both, will support the indictment. 1 East P. C. 402. *Angel* v. *Commonwealth,* 2 Virg. Cas. 231. *The State* v. *Price,* 6 Halst. 203.

As the complaint against these defendants leaves it uncertain whether they are charged with having sold spirituous liquor, or intoxicating liquor which is not spirituous, we must hold it, upon the authorities above cited, to be insufficient to sustain a judgment. *Judgment arrested.*