NOTE.—When the *Reporter* was preparing his ANNOTATED DIGEST, he had access to the Opinion Books, containing the cases which had not then been published. These opinions were noted, and principles which they contained were scattered through the exhaustive notes of that work. As the profession, generally, had no other access to the precedents, which have since been printed in 25th, 25th Supplement, 26th, and 27th Texas Reports, these notes were quoted both by the lawyers and the Supreme Court. After I was appointed *Reporter*, we made some efforts to get the cases decided at the Galveston Session, 1861. That was a period when the crisis was upon the country, and much upon the court. But the records had been scattered and mislaid, so that they could not be had in time for their appropriate places. While the 28th volume was running through the press, I found the case of Juaraqui v. The State quoted in The State v. Powell. Application was immediately made to George W. Honey, Esq., the clerk, for the record in that case, and all others decided in Galveston in 1861. The Juaraqui case was furnished, and it appears in 28 Tex., 625. The others could not be obtained, however, until a list was prepared from the table of cases in PASCHAL'S ANNO-TATED DIGEST. From this Mr. Honey sent such records and opinions as he could find, and where none could be found, he kindly furnished copies of the opinions. But this was not in time to have them precede the cases decided at the Galveston session, 1867. As the cases could not be printed in their chronological order, I have done the next best thing, and that is, to make this volume completely of cases decided at Galveston, with the exception of the last two cases.

The importance of publishing all cases is illustrated by the fact, that although the profession and the bench have had no other guides to these cases than the notes in my Digest, yet they have all been quoted as authority since they were delivered. Such is the proneness of the American lawyer to consult precedents. The plates of the Digest have been altered, so as to refer to the cases in this volume.

## FERRILL v. THE STATE.

Article 541 of the Code of Criminal Procedure authorizes the defendant to appear by attorney in certain misdemeanors. (Paschal's Dig., Art. 3009, Note 739.) But this does not authorize any person but the defendant to enter into the recognizance required by article 722 of the Code. (Paschal's Dig., Article 3186, Note 771.)

APPEAL from Fayette

Nothing but a copy of the opinion has been furnished to the *Reporter*.

BELL, J.—The appellant was indicted for a misdemeanor. Under the provision of article 541 of the Code of Criminal Procedure, he was tried in his absence from the court. [Paschal's Dig., Art. 3009, Note 739.] There was a verdict of guilty, and judgment accordingly, and his attorney entered into a recognizance in his behalf to abide the decision of this court upon an appeal here taken.

We decided in the case of Chancy v. The State, 23 Tex., 24, that it is not competent for the attorney of the defendant, or any other person than the defendant himself, to enter into recognizance, as required by article 722 of the Code of Criminal Procedure. [Paschal's Dig., Art. 3186, Note 771.]

Where a party is tried in his absence, under the provision of article 541 of the Code of Criminal Procedure, he must be under bond to waive the right of appeal, or he must afterwards appear at the proper time and enter into recognizance, if he desire the benefit of an appeal. The case is dismissed for want of a proper recognizance.

DISMISSED.