### A. B. RYAN v. STATE OF OHIO.

AFFIDAVIT ALLEGING DIFFERENT OFFENSES IN THE DISJUNCTIVE IS BAD.

In a prosecution under the Act of March 7, 1890, entitled an act to prevent the sale of dairy products, etc. (89 Ohio Laws, 51), an affidavit charging the defendant with keeping for sale an article made by compounding and adding with cream or butter, animal fats or animal or vegetable oils is insufficient, as alleging different offenses, and in the disjunctive. A distinct offense should have been charged positively.

Error to the Court of Common Pleas of Hamilton county.

COX, J.

The four cases in error are brought to reverse the judgment of the court of common pleas affirming the judgment of a justice of the peace rendered against the plaintiffs in error for violation of the act of March 7, 1890, entitled "An act to prevent deception in the sale of dairy products, and to preserve the public health." The errors assigned in the common pleas were that the affidavit does not charge any offense against the laws of the state of Ohio; that the justice erred in overruling the motion to dismiss the case and instructed the jury to return a verdict of not guilty, and that the verdict is contrary to the law and the evidence.

The affidavits in all the cases are alike, and it is claimed that they are all defective, and do not charge any offense.

They charge that defendants sold, and, in some of them, kept for sale "an article and compound made, etc., by compounding with and adding to milk, cream or butter, animal fats or animal or vegetable oils," not produced from unadulterated milk or cream from the same, so as to produce an article or compound and human food in imitation of butter.

It will be perceived that the allegations as to the substance sold and held for sale are all in the disjunctive. What the substantive parts of the compound are, does not positively appear. Whether it was "milk" added to "animal fats," or "butter" added to "vegetable fats," or "cream" added to "animal" or "vegetable oils," cannot be ascertained from the description. Each of them would be a distinct offense under the statutes, but the particular one relied on should be stated positively, and not disjunctively.

This doctrine is well sustained by all the legal authorities. 1 Bishop Crim. Proc., sec. 586; Wharton's Crim. Plead. and Proc., sec. 162; 68 Mass., 501. Even in civil cases such an averment is not sustained; Schatzman v. Stump, 8 Ohio Dec. R., 420; Brownell & Co. v. Colbath, 9 Ohio Dec. Re., 413.

We think this objection to the affidavits is well taken; that they did not charge an offense under the statutes, and that all proceedings before the magistrate were erroneous, and the court of common pleas should have reversed the judgment below. A number of other questions have been raised and argued, but this one striking away the foundation, it is not necessary to pass on them.

The judgment of the court of common pleas affirming the judgment of the magistrate in these cases will, therefore, be reversed, with costs, and the cases remanded to the magistrate with instructions to discharge defendants with their costs.

Matthews & Cleveland and J. E. Bruce, for the state.

Ferdinand Jelke, Jr., and M. F. Wilson, for the defendants.