TOM CHAVES v. THE STATE.

No. 8650.    Delivered February 18, 1925.

Reinstated, Delivered October 7, 1925.

**1.—Possessing Intoxicating Liquor—Appeal Bond—Attorney Cannot Sign—Fatally Defective.**

Where an appeal bond is signed by the appellant, by his attorney, it is insufficient.    Art. 321' of our C. C. P. requires that the recognizance or bail bond shall be signed by the accused.    Where date of the trial is incorrectly set out, and no offense described the appeal bond or recognizance is fatally defective, and the cause must be dismissed.    Following Chaney v. State, 23 Tex. Crim. App. and other cases cited.

**2.—Same—Appeal Reinstated—Proper Bond Filed.**

A good and sufficient appeal bond having been filed since the dismissal of this cause, the appeal, is reinstated, and will be considered on its merits.

**3.—Same—Indictment—Allegata and Probata—Variance—Fatal.**

Where an indictment charged the appellant with having in his possession, "spirituous, vinous, and malt liquors capable of producing intoxication," and the proof showed his possession of tequila, and that tequila is an intoxicating liquor, but failed to show that it was either, spirituous, vinous or malt liquor, the variance is fatal.

**4.—Same—Continued.**

If there were no intoxicating liquors, save such as are spirituous, vinous, or malt, then proof of the fact that the liquor was intoxicating would meet the allegation in the indictment, or had the indictment charged appellant with the possession only of liquor capable of producing intoxication, the proof would have been sufficient.    Having charged possession of *spirituous vinous and malt liquors*, it was incumbent on the state to so prove, and proof only that the liquor was intoxicating does not sustain the allegation.    See Comm. v. Herrick, 60 Mass. 465', Comm. v. Gray, 68 Mass. 501.

Appeal from the District Court of Reeves County.    Tried below before the Hon. Chas. Gibbs, Judge.

Appeal from a conviction for possession of intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Jno. B. Howard,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Reeves county of possessing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The appeal bond is not signed by appellant. His name is signed thereto by his attorney of record. No attempt of any kind is made to show authority on the part of said attorney for such signature, even if it were permitted under Art. 321 of our C. C. P. which requires that such recognizance or bond shall be signed by the accused. This is also the effect of the decisions which are collated under said article in Mr. Vernon's C. C. P. See Chaney v. State, 23 Texas, 24; Ferrill v. State, 29 Texas, 489. We further observe that appellant was tried in December 1923, and his bond is dated and approved in *January 1923*. We also note that the description of the offense in said bond is insufficient. "Possession of 1 qt. of liquor for sale" is not the equivalent for "Possession of intoxicating liquor for the purpose of sale."

For the insufficience of the bond the appeal will be dismissed.

*Appeal Dismissed.*

ON MOTION TO RE-INSTATE APPEAL.

LATTIMORE, JUDGE.—This case was dismissed at a former day of this term because of the fact that no sufficient cognizance or appeal bond appeared in the record. This defect has been removed, a sufficient bond has been filed and the case wlil now be considered on its merits.

The State saw fit to charge in its indictment that appellant was in possession of "spirituous, vinous and malt liquors capable of producing intoxication.", To prove this allegation the State introduced testimony sufficient to show appellant in possession of certain bottles of tequila; and that tequila is intoxicating. We have carefully searched the record to see if there be any testimony that tequila is either a spirituous, vinous or malt liquor, and find not a word. The State of Texas maintains at its capital city a State chemist whose duties require him to analyze at no cost to prosecuting officers, liquors and matters of that kind sent to him for analysis. If tequila be either spirituous, vinous or malt liquor, this fact should be shown by testimony. Can it be said that proof of the fact that tequila is intoxicating meets the universal requirement in every case, viz: that the allegation in the indictment and the proof correspond. If there were no other intoxicating liquors save such as are spirituous, vinous or malt, then proof of the fact that the liquor was intoxicating would meet the allegations above mentioned. In Allred v. State, 89 Ala. 112, it is held that liquor may be highly intoxicating and yet not spirituous. In Commonwealth v. Herrick, 60 Mass. 465, and Commonwealth v. Gray, 68 Mass. 501, it is said that the word "intoxicating" is a broader word and includes a larger class of cases than "spirituous" and that although spirituous liquors are intoxicating, all intoxicating liquors are not spirituous. It is manifest that spirituous, vinous and malt liquors refer to different kinds of liquor, and whether these three descriptives comprehend all kinds and classes of intoxicating liquor,

is a matter of which this court has no knowledge, and is a matter not established by any proof in the case under consideration.

If the indictment in the instant case had merely charged appellant with the possession of liquor capable of producing intoxication, there would have been no variance between the proof and the allegations, but when the pleader specifically states in the indictment that the liquor found in possession of the appellant is spirituous, vinous and malt liquor, other proof is necessary to meet these allegations beside the statement of witnesses that the liquor found in appellant's possession was intoxicating.

Because of the failure of the State to meet by proof its allegations in the indictment, the judgment must be reversed and the cause remanded.

*Reversed and Remanded.*