J. L. HUDDLESTON V. THE STATE.

No. 9834.   Delivered February 3, 1926.

**1.—Possessing Preparation Containing Excess of One Per Cent of Alcohol —Indictment—Insufficient.**

An indictment brought under Art. 667 P. C. of 1925, which charges that appellant "did then and there possess and have in his possession for the purpose of sale, a *preparation containing in excess of one per cent of alcohol by volume,*" does not charge any offense against the laws of this state in failing to allege that the preparation was "potable." See Estell v. State, 91 Tex. Crim. Rep. 481 and other cases cited.

**2.—Same—Statute Construed.**

The statute under which this prosecution is brought denounces a different offense from that of Art. 666 P. C. which prohibits the traffic in *intoxicating liquor.* To constitute an offense under Art. 667 P. C. (old Code) the indictment must describe the preparation as "potable." The statute does not prohibit the possession of all preparations containing in excess of one per cent of alcohol by volume, but applies to a "potable," that is to say a preparation usable as a beverage.

**3.—Same—"Potable" Defined.**

A "potable" preparation is a drinkable preparation usable as a beverage. It does not embrace within its meaning all preparations containing in excess of one per cent of alcohol by volume, for many such preparations which are not beverages, and many drugs in common use such as paregoric, laudanum and various tinctures containing in excess of one per cent of alcohol by volume, and are valuable as medicine, but not "potable" or usuable as beverages. See Webster's New International Dictionary.

· Appeal from the District Court of Taylor County. Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction for possession of a preparation containing in excess of one per cent of alcohol by volume, penalty two years in the penitentiary.

The opinion states the case.

*Oliver Cunningham, W. E. Martin,* and *J. F. Cunningham* of Abilene, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful possession of a preparation containing in excess of one per cent of alcohol by volume; punishment fixed at confinement in the penitentiary for a period of two years.

The indictment reads thus:

" * * * J. L. Huddleston did then and there unlawfully possess and have in his possession for the purpose of sale, a preparation containing in excess of one per cent of alcohol by volume."

The sufficiency of this pleading is attacked upon various grounds. The statute upon which the prosecution is founded reads thus:

"It shall be unlawful for any person * * * to possess * * * for the purpose of sale, * * * spirituous, vinous or malt liquors or

medicated bitters, or any potable liquor, mixture or preparation containing in excess of one per cent of alcohol by volume." (Art. 667, P. C. 1925.)

This section denounces a different offense from Article 666 P. C., which prohibits the traffic in *intoxicating liquor*. See Estell v. State, 91 Texas Crim. Rep. 481; 240 S. W. Rep. 913; McNeil v. State, 93 Texas Crim. Rep. 259, 247 S. W. Rep. 536.

The point is made that the indictment is bad in failing to describe the preparation as "potable". The statute does not prohibit the possession of all preparations containing in excess of one per cent of alcohol by volume, but applies to a "potable" preparation; that is to say, a drinkable preparation or a preparation usable as a beverage. See Webster's New International Dictionary defining the word "potable". In our opinion, the point is well taken. The language of the indictment, namely, "a preparation containing in excess of one per cent of alcohol by volume" would include many preparations which are not beverages, and many drugs in common use, such as paregoric, laudanum and various tinctures containing in excess of one per cent of alcohol by volume, and valuable as medicine, but not potable or usable as beverages. In fact, the indictment does not describe the preparation as a liquor of any description.

For the reasons stated, the judgment of conviction is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*