## W. E. WILLIAMS V. THE STATE.

No. 10226.   Delivered March 23, 1927.

**1.— Transporting Liquor, Excess of One Per Cent o'f Alcohol — Statute Construed.**

Art. 666, P. C. 1925, denounces the transportation, etc., of "spirituous, vinous, or malt liquors or medicated bitters capable of producing intoxication, *or of any intoxicant whatever.*"

**2.—Same—Continued.**

Art. 667, P. C. 1925, denounces the transportation, etc., of any spirituous, vinous, or malt liquors or medicated bitters, *or any potable liquor,* mixture or preparation, containing in excess of one per cent of alcohol by volume.

**3.—Same—Continued.**

In order to support a conviction under Art. 667, supra, the state must prove that the liquor in question was either spirituous, vinous, or malt liquors, or a *potable liquor,* containing in excess of one per cent alcoholic content by volume.

**4.—Same—Potable Liquor—Defined.**

The meaning of the words *"potable"* preparation is that it must be a drinkable preparation, or one that is usable as a beverage, containing in excess of one per cent of alcoholic content by volume, as distinguished from preparations which are not beverages, and drugs and various tinctures, containing in excess of one per cent of alcohol by volume, and usable as medicine, but not "potable" or usable as beverages.  Following Huddleston v. State, 103 Tex. Crim. Rep. 108, and other cases cited in this opinion.

**5.—Same—Allegation and Proof—Variance Fatal.**

In the instant case, the indictment failing to allege that the liquor transported was "potable," and in the absence of proof that it was spirituous, vinous, or malt liquor, the conviction cannot be sustained, for the reason that the proof does not correspond with the averment in the indictment. Following Estell v. State, 91 Tex. Crim. Rep. 483; Huddleston v. State, 103 Tex. Crim. Rep. 108; Henson v. State, 280 S. W. 218, and Chaves v. State, 275 S. W. 1006.

Appeal from the District Court of Stephens County.   Tried below before the Hon. C. O. Hamlin, Judge.

Appeal from a conviction for unlawfully transporting intoxicating liquor, punishment assessed at confinement in the penitentiary for one year.

The opinion states the case.

*Frank S. Roberts,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully transporting liquor containing in excess of one per cent of alcohol is the offense, punishment fixed at confinement in the penitentiary for one year.

Art. 666, P. C. 1925, denounces the transportation of "spirituous, vinous or malt liquors or medicated bitters capable of producing intoxication, *or·of any intoxicant whatever.*" Art. 667, P. C. 1925, reads thus:

"It shall be unlawful for any person, directly or indirectly, to possess or receive for the purpose of sale, or to manufacture, sell, barter, exchange, transport, export, deliver, take orders for, or furnish spirituous, vinous, or malt liquors or medicated bitters, *or any potable liquor,* mixture, or preparation containing in excess of one per cent of alcohol by volume."

This court has construed these statutes, as they obviously do, to denounce separate offenses. On the subject, we quote from the case of Estell v. State, 91 Tex. Crim. Rep. 483, as follows:

"There was testimony introduced on the trial of the instant case as to the percentage of alcoholic content by volume in the liquor appellant was charged with manufacturing. *We are of opinion that in a case in which the accused is charged with manufacturing liquor capable of producing intoxication, it would be erroneous to tell the jury that by intoxicating liquor is meant that which contains in excess of one per cent alcoholic content by volume.*"

The indictment contains the following:

"* * * transport, spirituous, vinous and malt liquors containing in excess of one per cent of alcohol by volume."

Art. 667, supra, embraces two phases, namely: (a) touching spirituous, vinous, or malt liquors or medicated bitters containing in excess of one per cent of alcohol by volume; (b) touching any *"potable"* liquor, mixture or preparation containing in excess of one per cent of alcohol by volume. It is to be noted that the present indictment charges only phase (a) mentioned above. In charging phase (b) there should be an averment that the liquid, mixture or preparation was a "potable" liquor and that it contained in excess of one per cent of alcohol by volume. See Huddleston v. State, 280 S. W. 218. Proof that the liquid was "beer" would be sufficient to support a conviction on the first phase of the indictment mentioned for the reason that "beer" is, within the judicial knowledge of the court, a malt liquor containing in excess of one per cent of alcohol by volume and usable as a beverage. Proof that the liquid was "beer" may also be adequate to support a conviction under phase (b) of the statute. The indictment, however, failing to contain an

averment that the liquid which the appellant transported was a "potable" liquor, mixture or preparation containing in excess of one per cent of alcohol by volume, the appellant is not charged with the violation of that phase of the statute.

In the Chaves case, 275 S. W. 1006, this court endeavored to make plain its conclusion that a conviction under Art. 666, supra, could be sustained upon proper averment by proof that the liquid in question was "spirituous, vinous, or malt liquors or medicated bitters capable of producing intoxication, *or any intoxicant whatever*." It is also made plain in the opinion mentioned that in the absence of the averment, *"any other intoxicant whatever,"* proof that the liquor was spirituous, vinous or malt would be essential to a conviction under Art. 666, supra. If the prosecution is founded under Art. 667, supra, an averment that the fluid in question was "spirituous, vinous or malt liquors or medicated bitters, or potable liquor containing in excess of one per cent of alcohol by volume," is not supported by merely proving that the liquid contained *in excess of one per cent of alcohol by volume.* If it is shown to be a spirituous, vinous, or malt liquor and to contain in excess of one per cent of alcohol by volume, the proof will be sufficient, or if it is shown to be a "potable" liquor, mixture or preparation containing in excess of one per cent of alcohol by volume, the quantum of proof descriptive of the liquor is met. On this subject, the announcement of the court in Huddleston's case, supra, is pertinent. From that opinion we quote:

"The statute does not prohibit the possession of all preparations containing in excess of 1 per cent of alcohol by volume, but applies to a 'potable' preparation; that is to say, a drinkable preparation or a preparation usable as a beverage. * * * 'A preparation containing in excess of one per cent of alcohol by volume,' would include many preparations which are not beverages, and many drugs and various tinctures containing in excess of one per cent of alcohol by volume, and valuable as medicine, but not 'potable' or usable as beverages."

So, in Henson's case, 280 S. W. 593, the article in question was described as "choc beer." There was no proof that "choc beer" was either a spirituous, vinous, or malt liquor or a potable liquor. The evidence was not sufficient to show a violation of Art. 667, supra, though the liquid contained in excess of one per cent of alcohol. These matters have been stated in some detail in order to group the cases dealing with the subject at present in hand.

The home of the appellant was first searched. There was found upon the premises a quantity of what was denominated as

"choc beer." The officers afterward searched Walton's camp. The conviction is based upon the theory that the appellant transported spirituous, vinous, or malt liquors containing in excess of one per cent of alcohol to Walton's camp. There was found a quantity of liquor at Walton's camp which the appellant admitted belonged to him. There was evidence that appellant had transported the liquid to Walton's camp. A number of bottles of liquid were found there. They were regular beer bottles. The officers testified that they took possession of the liquor found at Walton's camp and took it to Breckenridge. One of them said:

"We found about thirty bottles of 'choc beer' at Walton's place which were brought to Breckenridge and turned over to Mr. Thornton."

Thornton testified that he took four of these bottles to Davis, a chemist, for analysis. He said:

"It was the same 'choc' that was turned over to me by the deputy."

Woods, one of the officers, testified that he got twenty-nine bottles of "choc" at Walton's camp; that he kept it separate and brought it to Breckenridge and delivered it to the sheriff.

Davis testified that Thornton delivered to him some "choc beer" for analysis; that he received four pints; that he made an analysis of it and determined the alcoholic contents by volume and by weight to be 5.8 per cent. Throughout his testimony he described the liquid as "choc" or "choc beer."

While in some parts of the record the liquid is described as "beer," it seems manifest from the entire record that the liquid was "choc beer." Each of the officers who testified, while in some places they mentioned it as "beer," described it as "choc beer." The liquid delivered to the chemist was described by the sheriff and by the chemist as "choc beer."

The only count in the indictment which was submitted to the jury was that charging that the appellant transported *"spirituous, vinous, or malt liquor containing in excess of one per cent of alcohol by volume."* The evidence fails to show that the liquid transported was spirituous, vinous, or malt liquor. If the indictment had charged that the appellant transported a "potable" liquor containing in excess of one per cent of alcohol by volume, then the proof would have been sufficient to support the verdict, although the liquor was not a spirituous, vinous, or malt liquor nor an intoxicating liquor. In the absence of an averment that the liquor transported was potable, that is, drinkable; usable as a beverage; and in the absence of proof that it was a spirituous, vinous, or malt liquor, the conviction cannot be sus-

tained for the reason that the proof does not correspond with the averment. See Estell v. State, 91 Tex. Crim. Rep. 483; Huddleston v. State, 280 S. W. 218; Henson v. State, 280 S. W. 593: Chaves v. State, 275 S. W. 1006.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*