## JAMES JACKSON V. THE STATE.

No. 11581.    Delivered May 2, 1928.

1.—Possessing Liquor Containing More Than One Per Cent of Alcohol— Burden of Proof—As to Character of Liquor—On the State.

Where, on a trial for the possession for the purpose of sale of spirituous, vinous or malt liquor containing in excess of one per cent of alcohol by

volume, it was incumbent upon the state to prove that the liquor was either spirituous, vinous or malt liquor.

**2.—Same—Continued.**

Proof that the liquor was "home brew," without other evidence, was not sufficient to establish that it was of the kind described in the indictment. Proof that the liquor was beer would have supported the averment that it was malt liquor. See Williams v. State, 292 S. W. 898.

**3.—Same—Continued.**

"If the indictment had charged that the appellant transported a potable liquor containing in excess of one per cent of alcohol by volume, then the proof would have been sufficient to support the verdict, although the liquor was not a spirituous, vinous or malt liquor. See Williams v. State, supra; also Estell v. State, 240 S. W. 914, and other cases cited.

Appeal from the District Court of Hale County. Tried below before the Hon. C. C. Small, Judge.

Appeal from a conviction of the possession for the purpose of sale of spirituous, vinous or malt liquor containing more than one per cent of alcohol by volume, penalty one year in the penitentiary.

The opinion states the case.

*Fitzgerald & Grundy* of Memphis, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession for the purpose of sale of spirituous, vinous and malt liquors containing in excess of one per cent of alcohol by volume, the punishment confinement in the penitentiary for one year.

The indictment contains the following:

"* * * Possessed for the purpose of sale spirituous, vinous and malt liquors containing in excess of one per cent of alcohol by volume."

The offense charged is defined by Art. 667, P. C., which denounces the possession for the purpose of sale of spirituous, vinous or malt liquors or medicated bitters containing in excess of one per cent of alcohol by volume, as well as the possession for the purpose of sale of any potable liquor, mixture or preparation containing in excess of one per cent of alcohol by volume. Two phases of the offense are embraced by the article in question. The present indictment charges only one phase, namely, the possession for the purpose of sale of spirituous, vinous or malt liquors containing in excess of one per cent of alcohol by

volume. It was encumbent on the state to prove that the liquor was a spirituous, vinous or malt liquor.

Officers found on the premises of appellant a quantity of what was denominated "home brew." Each of the officers described the liquid as home brew, while in some parts of the record it was casually referred to as beer. The entire record makes it manifest that said liquid was "home brew." Appellant in admitting the possession of the liquor referred to it as home brew. The chemist who analyzed one bottle of the liquid referred to it as beer. However, his testimony negatives the idea that the liquid contained malt. He said:

"The white stuff there in the bottle is the residue after extracting the alcohol. The other there is alcohol. No that is not all alcohol; it is 5.35 per cent alcohol and the rest of it is water."

Proof that the liquid was "beer" would have supported the averment that it was malt liquor. Williams v. State, 292 S. W. 898. In Williams, supra, Judge Morrow states the rule as follows:

"If the indictment had charged that the appellant transported a 'potable' liquor containing in excess of one per cent of alcohol by volume, then the proof would have been sufficent to support the verdict, although the liquor was not a spirituous, vinous or malt liquor nor intoxicating liquor. In the absence of an averment that the liquor transported was potable—that is, drinkable, useable as a beverage—and in the absence of proof that it was a spirituous, vinous or malt liquor the conviction cannot be sustained for the reason that the proof does not correspond with the averment." See Estell v. State, 240 S. W. 914; Huddleston v. State, 280 S. W. 218; Henson v. State, 280 S. W. 593; Chaves v. State, 275 S. W. 1006.

We think the evidence fails to show that the liquid possessed by appellant was spirituous, vinous or malt liquor.

Because the proof does not correspond with the averment contained in the indictment, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.