SAM BRACKEN V. THE STATE.

No. 12180.  Delivered December 12, 1928.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for one year.

It was charged in the indictment that the liquor in question was spirituous.  The proof showed that said liquor was what is commonly known as "home brew."  No effort was made to show that "home brew" was a spirituous liquor.  Having seen fit to charge in its indictment that appellant possessed a spirituous liquor, it was incumbent upon the state to support said allegation by proof.  In Chaves v. State, 275 S. W. 1006, it was averred that the liquor alleged to be possessed for the purpose of sale was spirituous, vinous and malt.  The proof showed that the accused was in possession of tequila and that said liquor was intoxicating.  The indictment in that case, as in this case, was drawn under the provisions of Article 666 P. C.  In determining that the proof failed to sustain the allegation that the liquor was spirituous, vinous or malt, Judge Lattimore called attention to the fact that there was no testimony in the record to show that tequila was either a spirituous, vinous or malt liquor.  We quote his language as follows:

"If tequila be either spirituous, vinous or malt liquor, this fact should be shown by testimony.  Can it be said that proof of the fact that tequila is intoxicating meets the universal requirement in every case, viz., that the allegation in the indictment and the proof correspond?  If there were no other intoxicating liquors save such as are spirituous, vinous, or malt, then proof of the fact that the liquor was

intoxicating would meet the allegations above mentioned. In Allred v. State, 89 Ala. 112, 8 So. 56, it is held that liquor may be highly intoxicating and yet not spirituous. In Commonwealth v. Herrick, 60 Mass. (6 Cush.) 465, and Commonwealth v. Gray, 68 Mass. (2 Gray) 501, 61 Am. Dec. 476, it is said that the word 'intoxicating' is a broader word, and includes a larger class of cases than 'spirituous,' and that, although spirituous liquors are intoxicating, all intoxicating liquors are not spirituous. It is manifest that spirituous, vinous, and malt liquors refer to different kinds of liquor, and whether these three descriptives comprehend all kinds and classes of intoxicating liquor is a matter of which this court has no knowledge, and is a matter not established by any proof in the case under consideration."

See also Jackson v. State, 5 S. W. (2d) 989; Williams v. State, 292 S. W. 898; Henson v. State, 280 S. W. 593; Lloyd v. State, 279 S. W. 843.

The evidence failing to show that the liquor possessed by appellant was a spirituous liquor as alleged in the indictment, the judgment must be reversed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.