# HERMAN BELL V. THE STATE.

No. 21473.  Delivered June 4, 1941.
Rehearing Denied October 15, 1941.

The opinion states the case.

*H. D. Stringer,* of Memphis, and *R. H. Cocke,* of Wellington, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the possession of beer for the purpose of sale in a dry area, and fined the sum of $100.00.

He moves to quash the complaint and information because, as he alleges, the same is repugnant in that they charge him with the unlawful possession for the purpose of sale of "beer containing alcohol in excess of one-half of one per centum by volume, same being an intoxicating liquor," etc.

The proof showed that appellant had nineteen cans of cold beer in his refrigerator and sixty cans of beer concealed in the ceiling of the hall at his house. The contention of appellant is based upon the fact that beer is defined by Art. 667-1, (b) P. C., as follows:

"The term 'beer' means a malt beverage containing one-half of one per cent or more of alcohol by volume and not more than four (4) per cent of alcohol by weight, and shall not be inclusive of any beverage designated by label or otherwise by any other name than beer."

While "liquor" is defined by Art. 666-3a, P. C., as follows:

" Liquor shall mean any alcoholic beverage containing alcohol in excess of four (4) per centum by weight, unless otherwise indicated."

It is our opinion that the use of the words "same being an intoxicating liquor" did not mean to charge that such beer was "liquor," as above set forth and defined by the statute. That such phrase was but a generic term, and could as well have read "same being an intoxicant;" or an intoxicating beverage, and would thus have conveyed the meaning intended by the pleader. Of course if such beer was not an intoxicant it would not have come under the denunciation of this statute, which is denominated the "Texas Liquor Control Act," nor would same have been unlawful to possess. The word "liquor" does not in every instance used bear the restricted meaning set

forth in the statute. If such were true, then the *Liquor* Control Board would be limited in its jurisdiction to beverages containing more than four per cent of alcohol by weight; and in many places in such Liquor Control Act where the word "liquor" or "intoxicating liquor" is used in conjunction with the regulation of the sale of "beer," such would be restricted only to the heavier alcohol percentage of more than four per cent. To thus hold the phrase "intoxicating liquor" to this narrow meaning would leave unattended to many matters that the law-making body legislated upon in the realm of lesser percentages of alcohol than four per cent by volume.

We have long since held that this court will take judicial notice that "beer" is an intoxicating liquor. Judge Morrow said in the Torres case, 18 S. W. (2d) 179, 113 Tex. Cr. R. 1:

"The burden resting upon the state to prove that the liquid which the appellant was selling was capable of producing intoxication was discharged by the proof showing it to be beer, which, within the judicial knowledge of the court, is an intoxicating liquor. See Moreno v. State, 64 Tex. Cr. R. 660, 143 S. W. 156, Ann. Cas. 1914C, 863, Eubank v. State, 104 Tex. Cr. R. 628, see page 632, 286 S. W. 234 and authorities cited."

We do not think that the phrase complained of was used in its restricted sense, but only as descriptive of the intoxicating qualities of beer, which qualities were already judicially known to the court.

Appellant insists that the Pain case, 115 S. W. (2d) 638, is authority for the position herein taken by him relative to the repugnancy of the allegations in the complaint and information. We do not think so. The allegation in the Pain case was "that appellant in said county on July 19, 1937, possessed for the purpose of sale 'intoxicating liquor, to-wit: 94 pints of untaxed liquor (Home Brew)'." We have never held that we judicially know that "Home Brew" is an intoxicating liquor, but have consistently held that "the courts have no judicial knowledge that home brew is an intoxicating liquor." See Minton v. State, 115 Tex. Cr. R. 301, 29 S. W. (2d) 765; Walker v. State, 51 S. W. (2d) 721; Bracken v. State, 111 Tex. Cr. R. 171, 12 S. W. (2d) 209; Jackson v. State, 109 Tex. Cr. R. 527, 5 S. W. (2d) 989.

In the Pain case, supra, the allegation was found that the accused sold intoxicating liquor, to-wit: Home Brew. In the instant case the allegation is that the accused sold beer. Home brew does not come under the statutory definition of beer, and the statute so says. It says that the term "'Beer' shall not be inclusive of any beverage designated by label or otherwise by any other name than beer."

We think in the Pain case the accused was charged with the possession of liquor; in the present case he is charged with the possession of beer, and we see no conflict between this holding and the one found in the Pain case.

We have examined the bills of exception not herein written upon and are of the opinion that same fail to reflect error.

The judgment will therefore be affirmed.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Three grounds are set out in appellant's motion for rehearing, the first of which deals with a matter discussed in the original opinion. Without restating the position there taken, we concur in the conclusion reached.

The second ground for rehearing complains of the failure of this court to sustain appellant's bill of exception number three which reflects an exception to the court's charge, as follows:

"Such possession, however, is only prima facie evidence of guilt, or in other words merely raises a legal presumption of guilt, which presumption may be overcome by evidence showing that such possession was not for the purpose of sale."

Appellant relies on the case of Ratliff v. State, 25 S. W. (2d) 343, and in his brief presents the following charge, of which Judge Morrow in the original opinion said that it was "an unhappy choice of language":

"Prima facie evidence means evidence which is sufficient to establish the facts, unless rebutted; evidence which, standing alone and unexplained, would maintain the proposition and warrant the conclusion to support which it is introduced."

However, upon the State's motion for rehearing Judge Hawkins clearly makes the distinction between a definition of "prima facie evidence" as used by the courts in criminal cases and that used by courts in civil cases. In the former in order to make out a prima facie case the State must produce evidence sufficient to establish the fact *"beyond a reasonable doubt,"* unless rebutted. In a civil case it would be sufficient to establish the fact *"by a preponderance of the evidence."* In the Ratliff case it will be observed that the court failed to instruct the jury that the fact must be established "beyond a reasonable doubt," and therein was the error.

Again reliance is had upon Uptmore v. State, 32 S. W. (2d) 474, wherein the following language is used:

"What is meant by 'prima facie evidence' is sufficient evidence and can be overthrown only by rebutting evidence introduced on the other side. It is a state of facts which entitles the State to have the case go to the jury, and it is that amount of evidence which would be sufficient to counterbalance the general presumption of innocence and warrant a conviction if not encountered and controlled by evidence tending to contradict it and render it improbable or to prove facts inconsistent with it."

The error in the language of this case may be questioned in the same way as the Ratliff case. It is true that the charge said, "that it is a state of facts which entitles the State to have the case go to the jury," but the charge does not inform the jury what that state of fact is and left the jury to reach their own conclusion of law. It further defines it as "sufficient to counterbalance the general presumption of innocence," etc., but does not say what would be sufficient.

In the instant case the charge above quoted applies the law to the undisputed facts, as he had a right to do, and said that it was sufficient to merely raise a legal presumption of guilt and then told them that it may be overcome by evidence showing that such possession was not for the purpose of sale. He is not undertaking to apply a legal definition so that the jury may find that there was prima facie evidence as in the two cases relied upon. The court itself found that to be true under the undisputed facts and thus applied the law, giving to the appellant a right to rebut the legal presumption which he instructed the jury had been raised. He did not use language

that would throw any burden upon appellant, but left it wholly with the jury, which we think was proper.

The motion for rehearing is overruled.