## JOHNNIE BOOKER V. STATE.

No. 25327. May 30, 1951.
Appellant's Motion for Rehearing Denied.
(Without Written Opinion) October 10, 1951.

Hon. James G. Denton, Judge Presiding.

*Burks & McNeil,* by *Clifford W. Brown,* Lubbock, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is possession of whisky, beer, wine and gin in a dry area for the purpose of sale; the punishment, a fine of $765.00.

Bill of Exception No. 1 complains of the giving of that portion of the court's charge defining the burden of proof which concluded as follows:

" 'and unless the state has discharged this burden and proven to your satisfaction beyond a reasonable doubt, such facts, it will be your duty as jurors to resolve that doubt in favor of the defendant and say by your verdict "not guilty." ' "

It is contended that as given the charge is on the weight of the evidence. This objection was directed to an identical charge in B.F. (Lefty) Fowler v. State, #25,261 (Page 267 of this volume), 240 S.W. 2d 313, from the same court as the case at bar, and we held the charge as given to be proper. We adhere to our ruling therein.

Bill of Exception No. 2 complains of that portion of the court's charge defining prima facie evidence wherein the court said:

"* * * such possession, merely raises a legal presumption that defendant possessed this whiskey, beer, wine and gin for the purpose of sale."

Appellant relies upon several cases, the latest one being Uptmore v. State, 116 Tex. Cr. R. 181. 32 S.W. 2d 474. In Bell v. State, 142 Tex. Cr. R. 390, 154 S.W. 2d 650, Judge Beauchamp approved the identical charge as given herein. We find no reason to vary from our recent expression on the question.

Bill of Exception No. 3 complains of the trial court's failure to give his requested charge as follows:

"You are instructed that if, at the time of or prior to the execution of the second search warrant, that is, the one for the one-room house, the said search warrant called for the searching of premises of a party or parties whose name or names and whose description or descriptions were unknown, but, at said time, the officers executing the same had information concerning the name or description of the party in charge of said house, or by the use of reasonable diligence could have learned the name or description of such party, then you will find the defendant not guilty."

One of the officers who participated in the search, in testifying about inquiries made of the owner of the premises searched concerning the identity of her tenant, stated: "She said 'a little short guy' is all she could tell us. She said she didn't know his name." We feel that the owner of the premises was the logical person to whom such inquiries should have been made, and having done so, the officers discharged their duty to make reasonable inquiries before procuring a search the property under the control of a "person whose name or description was unknown to affiant."

Nothing in the bill indicates that the officers had or could reasonably have secured more information as to the identity

or description of appellant other than as shown above. In view of this, we see no occasion for the giving of the charge requested.

We pause here a moment to commend counsel for appellant on the excellent form in which they prepare their bills of exception. Each bill begins with a statement of the *one* point sought to be raised thereby. This indicates to us the election of counsel to stand on this one error and eliminates the danger that we might consider the bill multifarious. The bill then sets forth the occurrence, the objection, the ruling of the court, the exception, and continues with as much of the surrounding, antecedent or accompanying facts as will enable this court to determine whether the complaint is well founded, without recourse to inference. We commend their thoroughness to the bar.

Finding no reversible error, the judgment of the trial court is affirmed.