C. W. GREEN v. THE STATE.

No. 11830. Delivered January 2, 1929.

The opinion states the case.

*Kirby, King & Overshiner* of Abilene, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for one year.

Operating under a purported search warrant officers searched appellant's private dwelling and found therein a quantity of home brew, which they testified was capable of producing intoxication. Appellant objected to the testimony of the officers touching the results of the search on the ground that it was stated in the affidavit for the search warrant that appellant possessed intoxicating liquor for the purpose of sale and possessed equipment for manufacturing intoxicating liquor, whereas, it should have been shown under the provisions of Article 691 P. C. that appellant's residence was a place where intoxicating liquor was sold or manufactured.

We think appellant's objection should have been sustained. The place searched was appellant's private dwelling occupied as such and no part of it was shown to have been used as a store, shop, hotel or boarding house or for some purpose other than a private residence. It is true that in the beginning of Article 691, supra, it is stated that a search warrant may be issued under Title 6. C. C. P. for the purpose of seizing and destroying any intoxicating liquor possessed . . . in violation of this law, or any containers or instrumentalities for manufacture, or transportation, or unlawful possession or sale of such liquor, but it will be noted that in the second paragraph of said article specific requisites are set forth as necessary in the affidavit for the warrant when the place to be searched is a private resi-

dence, to-wit, the affidavit in such case must show such residence to be a place where intoxicating liquor is *sold* or *manufactured*. Whether intended or not this lays down a rule regarding affidavits for warrants to search private residences, which must be given effect by this court. Further, we observe that the third paragraph of said article 691, supra, relating to the affidavit for and the execution of search warrants in liquor cases provides that same shall conform to the provisions in Title 6 C. C. P. "except when otherwise provided in this title." We call attention now to this apparent requirement in liquor cases in the affidavit for search warrant for a private residence, this seeming to be the first time the question has been brought before us, so that the Legislature, soon to convene, may have the benefit of our holding.

Article 4a C. C. P. penalizes an illegal search. Article 727a C. C. P. provides:

"No evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas, or of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.