CAPTAIN ODOM, ALONZO ODOM and MRS. DORA ODOM v. THE STATE.

No. 12266. Delivered April 17, 1929.

The opinion states the case.

*W. T. Norman* of Rusk and *Smithdial Shook, Spence & Bowyer* of Dallas, for appellants.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—The appellants were separately indicted for the offense of the unlawful possession of intoxicating liquor containing in excess of one per cent of alcohol by volume for the purpose of sale. On the trial, their cases are consolidated and each found guilty and sentenced to a term of one year in the penitentiary.

Searching officers entered the private residence of appellants Alonzo Odom and Mrs. Dora Odom, which appears to have been occupied at the time by appellant Captain Odom, and there found a quantity of home brew. The reception in evidence of the result of the search is made the subject of a bill of exception, the objection being that the affidavit for search warrant was insufficient under the statute. The affidavit is not set out in the bill and we are unable to determine whether or not the claimed defect in same in fact existed. Under these circumstances nothing is presented for review. If the affidavit is in the form claimed by appellant in his brief, the reception in evidence of the searching officers' testimony would seem to be within the rule announced in Green v. State, 12 S. W. (2nd) 790.

The question of whether or not the alleged home brew was intoxicating and whether or not it contained in excess of one per cent of alcohol by volume was made a sharp issue on the trial of the case. The State's testimony tended to prove the allegations of the indictment. Some of the witnesses for both the State and appellants testified to facts tending to show its non-intoxicating quality. Captain Odom was the nephew of the other appellants and admitted the possession of the beer in question and admitted that he made same, claiming that it was non-intoxicating and that it had been made by him for medicinal purposes. The appellant Captain

Odom offered to testify, as shown by Bill of Exception No. 3, as follows:

"As to how I make that beer, I take a can of malt, about 4 lbs. of sugar and 8 gallons of water," and that the combination thus made did not produce beer containing as much as 1% alcohol by volume, and that it would not produce beer which was capable of producing intoxication. To all of this testimony the State objected without giving any reason. We can think of no reason and the State has not furnished us with any which would render inadmissible testimony going to disprove the allegations of the indictment. As this was the only issue in the case, we are at a loss to understand why same was excluded. Taylor v. State, 49 S. W. 589.

Along the same lines appellant offered to prove by witness Free, who was in the house at the time the officers raided same, that he drank some of the liquor claimed by the State to be intoxicating; that it had no effect on him, and further that it tasted about like Bevo and that Bevo was a normal beverage generally sold by reputable concerns handling cold drinks. To the witness' testimony with reference to the liquid tasting like Bevo and to the character of beverage Bevo was, the State objected and the objection was sustained. For the reason already stated this testimony was admissible for whatever it was worth.

Because of the errors discussed, the judgment of the trial court is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.