ALBERT TORRES v. THE STATE.

No. 12519.   Delivered May 1, 1929.
Rehearing denied June 19, 1929.

The opinion states the case.

D. S. *Purl* and J. D. *Todd* of Corpus Christi, for appellant.

A. A. *Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

This is a peculiar case. An affidavit for search warrant to search a private residence, to be sufficient, must show that such residence is a place where intoxicating liquor is "sold or manufactured" in violation of the statute. No such statement is found in the affidavit in the instant case. Such affidavit is bad. Green v. State, 12 S. W. (2d) 790. See also Art. 691, C. C. P. It was merely set up in the affidavit that in said house was located certain unknown property used as a means of violating the State intoxicating liquor law. The affidavit was clearly bad, and the warrant based thereon was unauthorized, and the testimony as to what was found by the search of appellant's residence was therefore incompetent and should not have been received.

Another thing: A bottle of beer found in appellant's possession, was sent to Fort Worth to a government chemist for analysis. He sent back a written report setting forth the alcoholic content of said beer. On this trial, in the absence of the chemist who made the analysis, and over the vigorous objection of the accused, the report referred to was admitted in evidence. This was also wholly wrong, and plainly violative of the constitutional right of this appellant to be confronted by the witnesses against him. But having made these observations, let us see further.

Three men upon information that appellant was using his barbershop as a place to sell liquor, drove down in the vicinity of same in a car. They saw appellant coming from his residence with a pasteboard box under his arm. One of the men followed appellant who went into his barbership situated about a half block from his residence. The officer entered and saw appellant take his pasteboard box into a back room of the barbershop. The officer strolled in there. Appellant was passing bottles of beer out of the pasteboard box to four white men and two Mexicans, uncapping it as he passed it. One of the Mexicans paid him two dollars for it. Each white man handed appellant money for his. The officer asked appellant if he could get a bottle of beer and was told "Yes, in a few minutes." The pasteboard box was empty. Appellant took it under his arm, went out and down the street, and in ten or fifteen minutes came back with

the aforesaid box full. After placing it on an old dresser appellant took out a bottle of beer and handed it to witness who handed him twenty-five cents, and asked him if that was right, to which appellant replied that it was. About this time the car with the other two officers drove up and some one in front of the barbershop stepped to the door and said "Here is Dewey,"—Dewey being a local officer and known to the crowd. Everybody in the back room started out, but the officer who had bought the bottle of beer from appellant informed him that he could stay a while and took charge of him and the box which had a number of the bottles of beer in it. The officers then went down to the magistrate's office, got the search warrant referred to and searched appellant's residence in which they found various bottles of beer on ice, crocks of mash and other implements of warfare. Admitting and agreeing that the testimony as to what was found in appellant's residence was not admissible, and also that the report of the chemist referred to was incorrectly admitted, we still have before the jury uncontradicted testimony fully making out a case of guilt of the violation of the law. Appellant was not indicted for possession of intoxicating liquor containing more than one per cent of alcohol by volume, but for possession of intoxicating liquor. He introduced no testimony contradicting the fact as testified to by the officers that he had at his barbershop,—which was not a private residence,—two pasteboard boxes full of beer and that he sold one of them and part of the other. No, defensive issue was raised by any testimony. Thus it was proven without dispute that at this place he possessed beer, a known intoxicant, for sale, and also that he sold it. Eliminating the search, the affidavit, the warrant and the testimony as to what was found at his residence, and also the report of the chemist, we still have a case made out beyond cavil. Nothing was added by such testimony to the clear case, against appellant and in view of the fact that the jury gave him the minimum penalty, we do not feel ourselves privileged to reverse this case for the errors referred to. Nothing could be taken from it by sending it back for another trial, save the elimination of the errors referred to. Under the testimony the jury could not give him less in the way of penalty. In other words, the errors committed could not have brought about the conviction in this case,—did not enhance the penalty, and no more favorable result to appellant could come about upon another trial. In such case we do not believe ourselves justified in acting otherwise than to order an affirmance.

4

Finding no reversible error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

MORROW, P. J., not sitting.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Challenging the correctness of the affirmance of the judgment on the original hearing, it is insisted that eliminating the testimony which, as pointed out in the original opinion, was inadmissible, the record is void of evidence supporting the verdict declaring the appellant guilty of the offense charged in the indictment. The witness Ben D. Lee exhibited ten bottles of a liquid shown to have been taken from the possession of the appellant upon the occasion of his arrest. The witness testified that he had analyzed the liquid which the testimony described as "beer" and that the analysis revealed an alcoholic content of 5.92 per cent which according to the witness, was the average alcoholic content of beer manufactured for the purpose of sale. The witness further said that the beer mentioned was intoxicating liquor.

The indictment is distinguishable from that considered in Cantu v. State, 101 Tex. Crim. Rep. 386, wherein the indictment charged the transportation of *spirituous, vinous and malt liquors* capable of producing intoxication. It was held that the burden upon the State was imperative to prove that the liquor was spirituous, vinous or malt. In the indictment it is charged that the appellant possessed for the purpose of sale "spirituous, vinous *and* intoxicating liquor capable of producing intoxication." Under the averment proof that appellant possessed for the purpose of sale *intoxicating liquor* or *liquor capable of producing intoxication* was relevant and competent and was believed by the jury to be sufficient to support the verdict. See Tucker v. State, 94 Tex. Crim. Rep. 505; Russell v. State, 228 S. W. Rep. 950; Taylor v. State, 105 Tex. Crim. Rep. 465; Copello v. State, 95 Tex. Crim. Rep. 306; Cantu v. State, 101 Tex. Crim. Rep. 388. The burden resting upon the State to prove that the liquid which the appellant was selling was capable of producing intoxication was discharged by the proof showing it to be beer, which, within the judicial knowledge of the court, is an intoxicating liquor. See Moreno v. State, 64 Tex. Crim. Rep. 660; Eubank v. State, 104 Tex. Crim. Rep. 628 (see page 632) and authorities cited. Moreover, in the present instance the witness Lee testified specifically that the liquor in question was intoxicating.

The motion for rehearing is overruled.

*Overruled.*