## Henry Ruhmann v. The State.

No. 12765.   Delivered December 4, 1929.
Rehearing denied January 15, 1930.

The opinion states the case.

*H. A. Townsend* of Columbus, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for possessing mash for the purpose of manufacturing intoxicating liquor, punishment being one year in the penitentiary.

The evidence upon which the state relied was discovered as the result of a search made by officers under a search warrant issued upon an affidavit made by T. W. Hilmer and F. M. Marshall, as follows:

"That they have reason to believe and do believe that within a certain house, store, building and place located in Colorado County, Texas, and particularly described as follows:—The farm known as the Henry Ruhmann place, about a mile and a half N. E. of Frelsburg, and particularly the dwelling house, outbuildings, lots and all structures on the said farm and premises, which said place one Henry Ruhmann has charge and control of, there is located certain property which is being used as a means of violating the laws of Texas prohibiting the manufacture, sale, etc., of intoxicating liquors being property and implements described as follows, to-wit: a still, whisky and other alcoholic, intoxicating liquors, mash and other supplies and appliances used for the illegal manufacture, sale, possession and transporting of intoxicating liquor, the quantity, quality and exact description of which is to affiants unknown. That

the particular facts and grounds for the aforesaid belief of affiants are as follows: (1) Affiants know that said place has the general reputation of one where intoxicating liquors are manufactured, kept and sold, (2d) and are reliably informed that such liquors are sold there; that said place is visited at all hours by disorderly and boisterous persons and by persons having no apparent reason for visiting said place for any reason other than to purchase liquor, and by persons who are shortly afterwards apparently under the influence of intoxicating liquor."

The warrant followed the affidavit and authorized the search of the dwelling house, outbuildings, lots, etc.

One objection interposed to receiving the officer's testimony was that the affidavit did not show that the private residence was "a place where intoxicating liquor was sold or manufactured," as required by Art. 691, C. C. P., before a warrant to search a private residence will be authorized. (See Green v. State, 12 S. W. (2d) 790; Banks v. State, 14 S. W. (2d) 280; Torres v. State, 18 S. W. (2d) 179.) The affidavit was insufficient for the reason urged to support a warrant authorizing the search of the residence; no evidence resulting from the search of the dwelling should have been admitted. For the same reason objection was urged to evidence resulting from the search of the outhouses, lots, etc., as being a part of the dwelling house and necessary to its use. This objection is apparently based upon expressions found in Wolf v. State, 9 S. W. (2d) 350; Greenwood v. State, 9 S. W. (2d) 352; Worth v. State, 12 S. W. (2d) 582. The affidavit contains sufficient averments to support the warrant authorizing the search of the outbuildings, lots, etc., because it was not necessary to allege that they were places where "intoxicating liquor was sold or manufactured." A warrant to search them could issue upon affidavit of only *one* person and based upon any of the grounds stated in Articles 690 and 691 P. C. The distinction between requisites to search a private residence and those to search appurtenances of a private residence is made very clear in McTyre v. State, 19 S. W. (2d) 49.

The evidence as to the result of the search was further objected to on the ground that the affidavit disclosed on its face that it was predicated solely on information and belief of affiants. What weight, if any, could be given by the issuing magistrate to the statement in the affidavit "that affiants know that said place has the general reputation of one where intoxicating liquors are manufactured, kept and sold," is problematical; however, the affidavit con-

tained the further averment for consideration of the magistrate that affiants had been "reliably informed that such liquors are sold there; that said place is visited at all hours by disorderly and boisterous persons and by persons having no apparent reason for visiting said place for any reason other than to purchase liquor, and by persons who are shortly afterwards apparently under the influence of intoxicating liquor." If we understand appellant's contention it is that such averment states no fact but gives only information which has reached the affiants, without naming the informant and is only hearsay. Appellant seems to assume that "probable cause" for the issuance of a search warrant cannot arise from hearsay. We think this is a mistaken view. The definition of probable cause as found in Landa v. Obert, 45 Tex. 539, which is approved in Chapin v. State, 107 Tex. Cr. R. 477, 296 S. W. 1095, and is in substance the same as other definitions sanctioned by the courts and text writers and reads as follows:

"A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged."

This definition on its face seems to imply that the information upon which the belief is founded may be in the nature of hearsay as that term is ordinarily applied. The law does not demand that affiants who apply for a search warrant are in possession of sufficient testimony touching a violation of the law as would prove the guilt of accused; nor does it demand that affiants' statements be such as would be receivable in court upon the trial of one accused of crime. If these things were necessary there would be little need in any case to resort to a search warrant. The purpose of an affidavit for search warrant is to exhibit to the magistrate facts *or information* from which he is to determine whether probable cause exists upon which a warrant may issue. If affiants only state that they believe and have reason to believe that certain facts exist which would authorize the warrant to issue affiants are substituting their judgment for that of the magistrate upon the issue of probable cause; this cannot be; but when affiants state as a fact in the affidavit that certain information has come to them, as in the present case, then it is for the magistrate to say whether such information, if true, furnishes probable cause to issue the warrant. When affiants swear that certain information has reached them the magistrate may assume that affiants are making a true statement regarding the

matter whether or not they disclose the source of their information. The point here made has been decided against appellant in Rozner v. State, 109 Tex. Cr. R. 127, 3 S. W. (2d) 441. See also Ware v. State, 110 Tex. Cr. R. 95, 7 S. W. (2d) 551. The general principle is discussed at some length and rather interestingly in the case of Gallaway v. Burr et al., 32 Michigan 332.

The officer testified that he found in the smokehouse a still, connected for operation; in the horse lot two concrete vats each containing two or three hundred gallons of mash; near the corner of the residence a big wooden cistern of about twelve hundred gallons capacity, partially full of mash. There was also found a number of kegs, one containing about a gallon and a half of whisky, one sixteen or seventeen gallons of whisky and some empty; also a two gallon jug of whisky, some 1500 bottles of assorted sizes were found. It is not necessary to describe other small items found by the officer about the premises. There was no testimony that anything was found in the residence; two barrels of mash were found under the residence. This testimony should have been excluded because the affidavit was not sufficient upon which to predicate a warrant to search the dwelling. All other evidence seems to have been properly admitted and so completely makes out a case for the state that we do not feel called upon to reverse for admitting the evidence of the two barrels of mash referred to. The penalty assessed was the minimum and no defense of any character was interposed.

Appellant was convicted upon the third count in the indictment which charged him with possessing mash for the purpose of manufacturing "intoxicating liquor." The judgment recites that he was found guilty of possessing mash for the purpose of "manufacturing liquor," omitting the word "intoxicating." The sentence is also defective in the same particular. The judgment and sentence will be reformed to condemn appellant to be guilty of possessing mash for the purpose of manufacturing intoxicating liquor, and as so reformed the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—This rehearing is asked upon two grounds: First, the insufficience of the affidavit for search warrant; second, the insufficience of the testimony to show possession on the part of appellant of mash for the purpose of making intoxicating

liquor. The affidavit is set out, and the matters pertaining to its sufficience fully discussed, and as we still think, properly disposed of, in the original opinion. The evidence, wholly aside from the finding of the still and a large quantity of whisky, is amply sufficient to show that the officers found hundreds of gallons of mash, and that a witness testified, as far as we can perceive, without contradiction, that from this mash intoxicating liquor could be made.

The motion for rehearing will be overruled.

*Overruled.*