MONROE PENNY v. THE STATE.

No. 12889. Delivered January 15, 1930.
Rehearing denied March 5, 1930.
Reported in 24 S. W. (2d) 1089.

The opinion states the case.

*W. H. Tolbert* and *Mays and Mays,* all of Fort Worth, and *Howard Dailey* of Dallas, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for one year.

Operating under a search warrant, officers searched appellant's private residence and found therein seven hundred and forty-five gallons of whiskey. Appellant offered no testimony.

Appellant objected to the testimony of the officers touching the result of the search on the ground that it was not shown in the affidavit for the search warrant that appellant's private residence was a place where intoxicating liquor was sold or manufactured. It was averred in the affidavit that the affiants believed and had reason to believe that there was located in appellant's private residence—the residence being described—certain property which was being used as a means of violating the liquor laws of Texas, said property being whiskey and a complete still. The particular grounds for the belief of the affiants were then set forth in the affidavit, it being averred that the affiants had been informed by numerous persons that a large quantity was stored by appellant in his private residence, and that it was a matter of common knowledge that liquor was sold there in violation of law. While it is true that the words "intoxicating liquor" are omitted from the latter part of the affidavit, it appears from a reading of the entire affidavit that it was charged that appellant was selling intoxicating liquor in his private residence. The fact that the charge that appellant was selling intoxicating liquor appears only in that part of the affidavit showing the facts and circumstances constituting probable cause would not, in our opinion, render the affidavit insufficient. Under the statute and decisions of this court the affidavit for a warrant to search a private residence must show such residence to be a place where intoxicating liquor is sold or manufactured. Art. 691, P. C.; Green v. State, 12 S. W. (2d) 790; Banks v. State, 14 S. W. (2d) 280; Torres v.

State, 18 S. W. (2d). 179. The rule laid down by the statute and the decisions was complied with.

The testimony of the officers was also objected to on the ground that the particular offense which appellant was committing was not set forth. We are unable to agree with this contention. The affidavit shows that appellant was selling intoxicating liquor.

After carefully examining every contention made by appellant, we fail to find reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Appellant renews his attack upon the sufficiency of the affidavit supporting the search warrant discussed in the original opinion. We are quoting in more detail the statements in the affidavit:

"That they have reason to believe and do believe that within a certain * * * private residence located in Tarrant County, Texas, and particularly described as follows: (Here follows an accurate description of the private residence.)

"There is located certain property which is being used as a means of violating the liquor laws of the State of Texas, being property and implements described as follows, to-wit: Whiskey and a complete still.

"That the particular grounds for the aforesaid belief of affiants are as follows:

"Affiants have watched said place several times and have seen automobiles drive to said place and the occupants thereof enter and leave with what appeared to be packages, said place not being a commercial establishment of any kind or character; affiants also followed several days ago a Chevrolet truck owned by said Penny loaded with sugar which is used to manufacture intoxicating liquor, said truck going to a private residence in Riverside, which said residence was afterwards raided and said sugar and a still was seized by the officers but no arrests made, also 91 barrels of mash and 40 gallons of whiskey was recovered, said truck has been seen a number of times at said 2717 Bird Street; affiants have been informed by

306

numerous persons that a large quantity is by the said Penny stored at said 2717 Bird Street residence and premises, and it is a matter of common knowledge that liquor is sold there in violation of law."

The affidavit is deemed sufficient to support the issuance of a warrant to search the private residence of the appellant. It is deemed adequate to comply with the terms of Art. 691, P. C., to show that such residence is a place where intoxicating liquor is sold or manufactured in violation of the law. In the affidavit is found the direct statements of the affiants touching that of which they have personal knowledge, and in addition thereto detailed information coming to the affiants from other persons. Touching direct statements, see Ware v. State, 110 Tex. Cr. R. 95, 7 S. W. (2d) 551. Concerning the information, see Rozner v. State, 109 Tex. Cr. R. 127, 3 S. W. (2d) 441; Ruhmann v. State, 22 S. W. (2d) 1069. In reaching and stating the conclusion that the affidavit is sufficient, no weight is given to the concluding words of the affidavit to the effect that it is a matter of common knowledge that liquor is sold, etc.

The motion is overruled.

*Overruled.*