## W. F. Stewart v. The State.

No. 13265. Delivered April 23, 1930.
Reported in 27 S. W. (2d) 220.

The opinion states the case.

*Arrington & Johnson* of Mineral Wells, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful sale of intoxicating liquor; penalty, one year in the penitentiary.

Two federal prohibition officers testified to the purchase of beer from the appellant. One of these testified that it was intoxicating.

Appended to appellant's bill of exception taken to the action of the Court in refusing his motion for continuance is a qualification by the Court that the witness named in such application was at the time of the presentation of the motion a fugitive from justice. Under such a state of facts the Court correctly refused to continue the case. Harris v. State, 8 Tex. Crim. App. 90; Branch's P. C., Sec. 328. It further appears from the bill of exception that such witness had never been subpoenaed and that appellant was relying upon his promise to attend the trial. The diligence was clearly insufficient. Barrett v. State, 18 Tex. Crim. Rep. 67; Johnson v. State, 63 Tex. Crim. Rep. 465; Branch's P. C., Sec. 314.

The Court charged the jury that "beer is a known intoxicant and is capable of producing intoxication." It is claimed that this was on the weight of the evidence. The Courts judicially know that beer is an intoxicant and the charge was correct. Torres v. State, 18 S. W. (2d) 179.

We have carefully examined all of appellant's contentions and finding no error in any of them, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.