J. Lee Cearley, of Cisco, and J. L. Alford, of Rising Star, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

### CHRISTIAN, J.

The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for two years.

Operating under a search warrant, officers searched appellant's private residence and found therein more than a quart of what they called "home brew." A fence surrounded the residence. East of the yard fence was a pasture. The officers were unable to state who controlled this pasture. In the pasture about 100 yards from appellant's residence the officers found three pints of whisky. There was no evidence in the record that appellant had sold or attempted to sell any of the liquor. Appellant testified that he had made the "home brew" for his mother, who had been dangerously ill and who had died a few weeks after the officers made the search. He further testified that the whisky did not belong to him, and that he did not know that it was in the pasture. He said he had control of the house, but that the pasture was not in his possession. It appears that appellant had leased the house from one Irvin. There was no testimony which, in any manner, tended to show that the "home brew" was intoxicating.

Among other things, the court instructed the jury as follows:

"If you believe from the evidence that the defendant did possess the beer, if the same was beer, and the same was possessed for medicinal purposes of the mother of defendant, and the same was malt liquor capable of producing intoxication, and that he did not possess the whisky for the purpose of sale then you are instructed to find the defendant not guilty, or if you have a reasonable doubt thereof, you will give the defendant the benefit of such doubt and acquit him and say by your verdict not guilty."

Appellant timely and properly excepted to the action of the court in submitting the question of the possession of beer for medicinal purposes in the paragraph containing the defensive charge relating to the possession of whisky, it being appellant's contention that the charge was calculated to mislead the jury. We are of the opinion that the exception was well taken. The proof showed that the liquor found in appellant's residence was what the witnesses called "home brew." No effort was made to show that said liquor was intoxicating. The courts have no judicial knowledge that "home brew" is an intoxicating liquor. Henson et al. v. State, 103 Tex. Cr. R. 123, 280 S. W. 592. The state having failed to discharge the burden of showing that the liquor found in appellant's residence was intoxicating, it was improper for the court to authorize a conviction for the possession of such liquor. The charge complained of was calculated to lead the jury to the conclusion that appellant could not be acquitted unless they believed that he possessed the "home brew" for medicinal purposes.

The judgment is reversed, and the cause remanded.

### PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

### McCALL v. STATE.

### No. 13523.

Court of Criminal Appeals of Texas.

June 25, 1930.

J. H. Baker, of San Saba, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

### MORROW, P. J.

Unlawfully practicing medicine; penalty, a fine of $150 and confinement in the county jail for one hour.

The offense is denounced in title 12, chapter 6, P. C. 1925 (articles 739–746).

So statement of facts accompanies the record. Neither is this court furnished with a brief.

The exceptions to the court's charge cannot be appraised in the absence of knowledge of the facts, which were before the trial court.

The judgment is affirmed.