## J. L. BEASLEY v. THE STATE.

### No. 14993.   Delivered March 30, 1932.

The opinion states the case.

*R. M. Johnson,* of Palestine, and *Perkins & Perkins,* of Rusk, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for three years.

Officers testified that they went to the private residence of appellant and found therein sixty-six bottles of home made beer and a half-gallon of whisky. The "home brew" was discovered in a back room, while the whisky was found under the house. Touching the question as to whether the liquor found in the back room was beer or "home brew", one of the officers testified as follows: "I do not recollect where the stuff was, nothing but the beer. It was in an adjoining room from where he was sleeping. As to whether I mean 'home brew', this stuff they make, I will say it is beer. As to whether it was Budweiser or Schlitz, I will say it did not have any labels on it. As to what they call it, it was home made beer."

No effort was made by the state to prove that the home made beer was intoxicating.

Appellant did not testify in his own behalf. His wife testified that the thirty-six bottles of "home brew" found in the house belonged to her. She said that she had kidney trouble and was using the "home brew" for medicinal purposes. She testified that she and her husband had no whisky on the place. She said the officers brought some whisky into the house. Further, she testified that the officers did not find the whisky on her husband's place.

The testimony of the officers was opposed on several grounds. The affidavit upon which the search warrant was based was fatally defective, in that it was not shown therein that appellant's residence was a place where intoxicating liquor was sold or manufactured. It was merely stated in the affidavit that affiants had reason to believe and did believe that appellant's property was being used as a means of "violating the intoxicating liquor laws of the state of Texas." In the statement of the facts upon which the belief of affiants was based, it was averred that affiants had purchased a pint of whisky from appellant. It was not stated that the whisky was purchased in appellant's residence. As far as the averments in the affidavit are concerned, the purchase might have been made at a place far remote from appellant's residence, and at a time so remote as to not afford ground for a reasonable belief that the premises were used as a place to sell intoxicating liquor at the time the affidavit for the search warrant was made. It is obvious that the allegations are not equivalent to an averment that appellant's residence was a place where intoxicating liquor was being sold. Under the statute, the affidavit for a warrant to search a private residence must show such residence to be a place where intoxicating liquor is sold or manufactured. Article 691, P. C.; Penny v. State, 114 Texas Crim. Rep., 303, 24 S. W. (2d) 1089; Green v.

State, 111 Texas Crim. Rep., 292, 12 S. W. (2d) 790; Torres v. State, 113 Texas Crim. Rep., 1, 18 S. W. (2d) 179.

The testimony of the officers was erroneously received. However, testimony of the presence of the "home brew" was given by appellant's wife. Her testimony having revealed to the jury the same facts that were disclosed by the officers relative to the "home brew", appellant is in no position to seek a reversal on the ground that the officers were erroneously permitted to testify as to the finding of the "home brew". Poteet v. State, 112 Texas Crim. Rep., 466, 17 S. W. (2d) 46. The situation is not the same as to the whisky., Appellant's wife denied that there was any whisky on the place. She said she saw the officers bring some whisky into the house, but declared the officers did not find it on her husband's place. She did not testify as to the amount of whisky she saw in the possession of the officers. Manifestly, the testimony of appellant's wife did not embrace the same criminative facts as to the presence of the whisky as revealed by the testimony of the officers. In view of the fact that there was no proof that the "home brew" was intoxicating, the state's case rested upon the testimony of the officers as to the presence of the whisky in appellant's home. Hence it can not be said that the reception of the testimony touching the discovery of the whisky was harmless.

The court instructed the jury that whisky and beer are known intoxicants. Following this instruction the jury were given a charge to the effect that proof of possession of more than a quart of intoxicating liquor is prima facie evidence of guilt. "Prima facie evidence" was then properly defined by the court. In applying the law to the facts, the jury were instructed to convict appellant if they believed from the evidence beyond a reasonable doubt that he possessed intoxicating liquor for the purpose of sale. Following this charge, the court instructed the jury as follows:

"Now, if you believe, or have a reasonable doubt thereof, that the whisky in question was placed where the officers are alleged to have found same, by some other person than the defendant and that the defendant had no interest in same; and that the beer in question was possessed for medicinal purposes, you will find the defendant not guilty."

Appellant timely and properly excepted to the use of the word "beer" in the charge of the court, and to the instruction beer was intoxicating. Further, he excepted to that part of the charge submitting the affirmative defense, in which the court restricted his right to an acquittal on the finding that the beer was possessed for medicinal purposes. The opinion is expressed that the case should not have been submitted to the jury on the theory that appellant possesed beer for the purpose of sale. The state having failed to prove that the "home brew" was intoxicating, the jury would not have been warranted in predicating a verdict of guilty upon the possession of the "home brew". The charge of the court had the effect of advising the jury that they might convict appellant for possession

of the "home brew" if they believed from the evidence beyond a reason-able doubt he possessd it for the purpose of sale. The entire record makes it manifest that the liquid found in the house was "home brew". Courts have no judicial knowledge that "home brew" is intoxicating. Minton v. State, 115 Texas Crim. Rep., 301, 29 S. W. (2d) 765.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been exam-ined by the Judges of the Court of Criminal Appeals and approved by the Court.