EUGENE WHITEHEAD V. THE STATE.

No. 15848. Delivered May 3, 1933.
Reported in 60 S. W. (2d) 207.

The opinion states the case.

*Shropshire & Sanders,* of Brady, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

The testimony of the sheriff was, in substance, as follows: Appellant was staying at a house on the Mason road a part of the time during the month of June, 1932, and had been staying there some two or three weeks prior to June 6th. Raymond Johnson and G. L. Miers stayed at the same house. The witness had seen appellant, Johnson and Miers at the house. When he passed the house, he would ordinarily see appellant's car there, and he frequently saw appellant in his car with Johnson and Miers. On June 6, 1932, he went to the house in question with other officers for the purpose of searching for intoxicating liquor. Appellant was not at the house when the officers arrived, and did not appear on the scene at any time. Those present when the officers reached the house and instituted the search were G. L. Miers, Mr. Sanders, and Dr. Powers. In the house the officers found a five-gallon container with something like three pints of whisky in it, about a quart of alcohol, a dozen empty quart bottles in a crate, some crates of pint bottles, a number of caps for beer bottles, and several little "serving glasses." Some of these glasses were on a table. The officers also discovered about a half gallon of corks stacked in different places. There were some empty bottles in a closet, and in a small back room. The whisky was in the bath room in the bath tub. The bottles in the crates were new. The witness had seen appellant at the house within the last two or three days prior to the raid. He saw appellant's car there the day after the raid. Prior to the raid he had observed cars parked at the house on many occasions. There was a telephone in the house in Raymond Johnson's name. There were no cooking utensils in the house. The furniture consisted of two beds.

Other witnesses for the state testified that they had seen appellant at the house in question a day or two prior to the raid, and also on several occasions after the raid. The owner of the house testified for the state that he had a talk with G. L. Miers about renting the house, and that about the first of June, 1932, Johnson paid him some rent on the house. Further, he testified that some time after the raid appellant paid him some rent on the place.

Appellant did not testify in his own behalf. His father testified that appellant lived at home with him.

The court submitted an instruction covering the law of circumstantial evidence. We are unable to reach the conclusion that the circumstances exclude every other reasonable hypothesis except that of the guilt of the appellant. Appellant was not present when the raid was made. Three adults were in the house at the time. There was no testimony showing that appellant made the liquor, or that he carried it to the premises, or that he asserted any ownership of it. The state relied principally upon appellant's presence at the place some time prior to the raid, the fact that he was seen at the house the day after the raid, his association with Miers and Johnson, who had also been seen at the house, and the further fact that appellant paid part of the rent after the raid. These circumstances probably raise a strong suspicion of guilt, but are not deemed sufficient to meet the test of exclusion. To warrant a conviction upon circumstantial evidence, there must be proof to a degree of certainty greater than a mere probability or strong suspicion tending to establish that the party charged was the person who committed the offense or was a participant in its commission. Branch's Annotated Penal Code, sec. 1877; Graves v. State, 43 S. W. (2d) 953.. See, also, Smith v. State, 36 S. W. (2d) 532.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.