### JACK CARNELL v. THE STATE.

No. 16327. Delivered February 21, 1934.
Rehearing Denied April 11, 1934.

The opinion states the case.

*B. E. Cole* and *Cunningham & Lipscomb,* all of Bonham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDIG JUDGE.—The unlawful possession of intoxicating liquor for the purpose of sale is the offense; penalty assessed at confinement in the penitentiary for one year.

A search was made of the appellant's premises under a search warrant obtained upon an affidavt as follows:

"The State of Texas, County of Fannin.

"Before me, the undersigned authority, on this day personally appeared L K. Kilgore and N. H. Copeland, both known to me to be credible persons, who, being by me duly sworn, upon their oath depose and say:

"That the private dwelling and buildings and grounds appurtenant thereto, owned, occupied and controlled by Jack Carnell and which are located and described as follows, to-wit:

"Dwelling house, all out houses, and premises about one-quarter of a mile east of the J. R. Goss store, about 30 miles northeast of Bonham in Fannin County, State of Texas, is a place where whisky and beer are being manufactured and sold in violation of law and of Article 666 of the Revised Penal Code of the State of Texas.

"L. K. Kilgore,<br>
"N. H. Copeland.

"Sworn to and subscribed before me by L. K. Kilgore and N. H. Copeland on this the 10th day of June, A. D. 1933.

"W. B. Cooper, Justice of the Peace of Precinct No. 6, Fannin Co., Texas."

The warrant follows the affidavit.

In bill of exception No. 1 many criticism of the affidavit are found, all of which have been examined and none of which are regarded as tenable. We perceive no particular in which the affidavit upon its face falls short of compliance with article 691, P. C., and of Title 6, C. C. P., 1925. The oath was made by two credible witnesses. The property is described as a dwelling, etc. occupied by Jack Carnell, and situated a quarter of a mile east of the J. R. Goss store, about thirty miles northeast of Bonham, in Fannin County, State of Texas, and declares that the house is one in which intoxicants are manufactured and sold in violation of the law. It is the contention of the appellant that the jurat to the affidavit is void for the reason that it is signed by a "Justice of the Peace" and not by a magistrate. All justices of the peace are magistrates. See article 33, C. C. P., 1925; White v. State, 106 Texas Crim. Rep., 150; Hinkley v. State, 119 Texas Crim. Rep., 254.

The facts revealed by the evidence are in substance as follows: Appellant occupied the two east rooms of a five-room house. In these two rooms the officers found three half-gallon fruit jars, all full of whisky. The other rooms in the structure were occupied by other persons. The part of the house occupied by appellant was described by the officers as being segregated from the others by doors that were nailed and padlocked, and as understood, had but one entrance which was under the control of appellant. He and his wife resided in the rooms but at the time of the search (which was at night) they had gone to a party. The fact that part of the house was occupied by others than the appellant is not regarded as vitiating the warrant, nor under the facts does the evidence mentioned militate in any sense against the right of the officers to search the apartment occupied by appellant and to make proof of the finding of the liquor therein. See Whitlock v. State, 58 S. W. (2d) 109.

The expression in the court's charge that "the possession by the defendant when established by the evidence beyond a reasonable doubt of more than one quart of intoxicating liquor is prima facie evidence of guilt" is not deemed to have been harmful to the accused. The paragraph is followed by the following qualifying words:

"Such possession, however, is only prima facie evidence of guilt, or, in other words, merely raises a legal presumption of guilt, which presumption may be overcome by evidence showing that such possession was not for the purpose of sale."

In addition thereto, the court instructed the jury fully upon

the law of circumstantial evidence. The charge is apparently analogous to that sanctioned in the opinion of this court in the case of Wininger v. State, 36 S. W.( 2d) 509. In the present case, the qualifying or explanatory words of the charge, in connection with the instruction on the law of circumstantial evidence, are deemed adequate to inform the jury that prima facie evidence was not conclusive.

The court also, at the request of the appellant, instructed the jury to acquit him unless they believed, beyond a reasonable doubt, that the whisky described by the State's witnesses was in the possession of the appellant.

We find no specific exception to the failure of the court to more accurately define the meaning of prima facie evidence than as was done in the manner described above.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In the light of appellant's motion, we have again carefully gone over the matters complained of. We still regard the affidavit, and the search warrant based thereon, as sufficient. The affidavit was signed and sworn to by two affiants before a magistrate; described the premises to be searched as,—the private dwelling and buildings and grounds appurtenant thereto, occupied and controlled by Jack Carnell, and described as "A dwelling house, all outhouses, and premises, about one-quarter of a mile east of the J. R. Goss store, about thirty miles northeast of Bonham in Fannin County, Texas; is a place where whisky and beer are being manufactured and sold in violation of law and of Art. 666, Penal Code of Texas." See Penny v. State, 114 Texas Crim. Rep., 303; Green v. State, 12 S. W. (2d) 790; Montalbano v. State, 116 Texas Crim. Rep., 242; Schwartz v. State, 120 Texas Crim. Rep., 252.

On the question as to the correctness of our statement that the door was nailed up between that part of the house occupied by appellant and his wife, and that part occupied by others,— we quote what one of the women testified who lived in the room next to those of appellant: "There was no passageway between my room and Jack Carnell's,—I have got it nailed. I don't know how Jack Carnell's room was fastened the night of the raid; I know the officers had to break into it." Whether the room leading from appellant's part of the house was nailed, or closed by a button and had a bed pushed against it on appellant's side of the wall, would still leave us unable to find anything in this

record to support any reasonable conclusion that the whisky found by the officers in appellant's room, belonged to or was placed there by some one other than appellant,—who occupied said rooms with his wife, but was gone to a concert at the time the officers searched the place. The fact that a voice said by a witness to be not that of appellant was heard apparently coming from said rooms of appellant about 9:30 P. M., the night of the search, offers no tangible opposition to our conclusions. Ras Taylor said he heard some one in there and he thought it was Jack. Later he said it was not Jack. Ras Taylor's wife said she heard some one in there, and thought it was Jack. Since the officers apparently found no way to get into appellant's rooms after examining the various approaches,—save to break in as they did,—it would require some stretch of imagination to believe that a burglar got into appellant's rooms about 9:30 P. M. without noise of breaking or entry, and not only made an equally noiseless getaway but left behind him several gallons of whisky. We see no similarity between the facts in this case and those in Whitehead v. State, 60 S. W. (2d) 207, or the other cases cited by appellant.

The motion for rehearing is overruled.

*Overruled.*