### JAY DURHAM v. THE STATE.

No. 16776.   Delivered May 30, 1934.
Rehearing Denied June 27, 1934.

The opinion states the case.

*Callaway & Callaway,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

The charge was specifically selling liquor capable of producing intoxication. Only one witness testified. He said he bought a bottle of beer,—what was called home brew,—from appellant, and that after drinking same he felt its intoxicating effects, and

expressed his belief that the drinking of such liquor in quantities practicable for a man to drink, would intoxicate him. In his charge to the jury the court told them that beer was an intoxicating liquor. However the case was submitted to the jury upon the specific instruction that before they could find appellant guilty they must believe from the testimony beyond a reasonable doubt that he sold liquor capable of producing intoxication. The charge above mentioned was excepted to as not the law; as contradictory of other parts of the charge, and as on the weight of the evidence. There was no testimony before the court as to the alcoholic content of the liquor sold by appellant. The date of the alleged offense was in August 1933, prior to the taking effect of Chap. 116, Acts Regular Session of 43rd Legislature, regulating the sale of beer in certain parts of the State of Texas, which last named law took effect on September 15, 1933, and specifically provides that "Nothing herein contained shall be construed as preventing the enforcement of all laws now in force," etc.

The prosecution arose in Comanche County, Texas. Appellant's only plea was that of not guilty. There was no question raised as to the fact that Comanche County was or was not a part of this State in which local option prevailed prior to the taking effect of the constitutional amendment in 1918. We do not think the court committed any error in that part of the charge mentioned. We think the facts support the judgment of guilty.

The judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—It is urged on motion for rehearing that the court below committed error under the facts in charging the jury that "beer" was an intoxicating liquor, claiming that the opinion in Walker v. State, 51 S. W. (2d) 721 is direct authority supporting his position. Only one witness testified, he being the alleged purchaser. His evidence on the kind of liquor purchased is as follows: "I have drunk beer, and I know what beer is. This was beer that I bought. I know what whisky is. This was beer that I bought."

The charge given in the present case is not like that found in Walker's case. There the charge unconditionally told the jury that beer was intoxicating. Here the court's charge reads as follows: "You are further instructed that if you believe from the evidence beyond a reasonable doubt that the liquid

in question was beer, then you are instructed that beer is a liquor capable of producing intoxication."

The court also defined intoxicating liquor, and required the jury to find beyond a reasonable doubt that the liquor sold by appellant was capable of producing intoxication, and were instructed that "* * * if from all the facts and circumstances introduced in evidence in this case you have a reasonable doubt as to whether said liquor in question was intoxicating as that term has herein before been explained and defined in this charge you will give the defendant the benefit of such doubt and acquit him and say by your verdict 'not guilty'."

We think under the facts here present the Walker case is not controlling, and that the charge complained of was not erroneous.

A further examination of the facts leaves us of opinion that the jury had sufficient evidence before them to support the finding that the liquor sold was intoxicating.

The motion for rehearing is overruled.

*Overruled.*