S. M. Scott v. The State.

No. 12022.   Delivered January 30, 1929.

The opinion states the case.

*G. B. Fenley* and *A. L. Love,* for appellant.

*A. A. Dawson,* of Canton, State's Attorney, for the state.

MARTIN, JUDGE.—Appellant was convicted under the second count of an indictment which charged that he "did then and there unlawfully possess for the purpose of sale spiritous, vinous and malt liquor capable of producing intoxication." The penalty assessed was one year in the penitentiary.

The proposition is very interestingly argued that the evidence is insufficient to show that the liquor in question was spiritous, vinous or malt and likewise insufficient to show that it was capable of producing intoxication. It is earnestly insisted that the record as a whole shows that the liquor possessed by appellant was "home brew" only and in the absence of proof that it was an intoxicating malt liquor, this Court cannot take judicial knowledge of such fact.

The averments of the indictment make proof of three facts indispensably necessary, namely: (1) That appellant had in his possession liquor which was either spiritous, vinous or malt; (2) that same was possessed for the purpose of sale; and (3) that it was capable of producing intoxication.

We quote literally and very briefly from the statement of facts:

"I went over there and got some beer. I met Mr. Scott at the door and I asked him if he had any and he said he thought there was a little in the icebox, to go in there and see. I went in there and got two bottles. * * * I left the money laying there on the table and walked out. I left $1.50 and I got six bottles. * * * I drank two bottles. As to whether or not this was capable of producing intoxication, I think it would if you drank enough of it."

A part of this beer that witness took off was shown to have gone into possession of the Sheriff, who testified:

"As to whether I tasted that beer, or examined it, I did. As to whether I have had sufficient experience with liquor, beer in particular, to give an opinion as to whether it is capable of producing intoxication, I can. I sampled three of them. * * * In my opinion that beer was intoxicating. * * * I drank one whole bottle and part of two others."

Other witnesses testified to buying home brew from appellant. It will be noted that the quoted evidence is sufficient to sustain the conclusion that appellant had beer in his possession for sale and that same was intoxicating. The third element, that it was a malt liquor, was not directly proven. · Upon this question it has been said:

"The fact that the evidence is sufficient to show that the appellant sold to the purchaser named in the indictment a beverage known as 'beer' is sufficient, under the precedents named, to characterize the liquid as malt liquor." Eubank v. State, 104 Tex. Crim. Rep. 632.

This same authority holds expressly that "the courts have judicial knowledge that beer is a malt liquor" and cites the following authorities supporting such statement: Webster's New International Dictionary, p. 202; Moreno v. State, 143 S. W. 156, 64 Tex. Crim. Rep. 660; Words & Phrases, Vol. 1, 2nd Series, P. 417; Amer. & Eng. Ann. Cas., 1914c, p. 863; Black on Intoxicating Liquors, Sec. 17, p. 18; Henson et al v. State, 260 S. W. 592.

Again it was said in Williams v. State, 292 S. W. 898:

"Proof that the liquid was 'beer' would be sufficient to support a conviction on the first phase of the indictment mentioned, for the reason that 'beer' is, within the judicial knowledge of the Court, a malt liquor containing in excess of 1 per cent of alcohol by volume and usable as a beverage."

Both the witnesses above mentioned refer to the liquor in question as beer and the above authorities fully support the announcement that this Court will take judicial knowledge of the fact that beer is a malt liquor without direct proof of such fact, thus supplying the third essential fact necessary to establish under the allegations of the indictment. It thus becomes unnecessary to decide whether or not this Court will take judicial knowledge of the fact that both "home brew" and beer are intoxicating, since the record does not disclose that the State depended upon proof of a sale of "home brew" and since there is direct proof that the liquid sold was beer and same was intoxicating.

We think the verdict was sufficiently responsive to the pleadings and evidence and there being no errors in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.