SADIE COLEMAN v. THE STATE.

No. 12534.   Delivered May 1, 1929.
Rehearing denied June 12, 1929.

The opinion states the case.

*McCall & Crawford* of Conroe, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

The indictment contains but one count.   Same charges that Sadie Coleman on or about the 20th of August, 1927, did unlawfully barter, sell and exchange to R. F. Crowley, spirituous, vinous and malt liquors and intoxicating liquors capable of producing intoxication.   Crowley testified that about that date he bought from appellant at her house four bottles of home brew, one whole bottle of which he drank, and said he could feel it plumb down to the end of his toes.   Referring to this liquor, he testified in so many words,

that "that beer was intoxicating." Mr. Hasty was with Crowley on the occasion of the purchase of the four bottles of beer or home brew from appellant and testified to the fact that Crowley gave her a dollar bill and she gave him twenty cents in change. He said "I drank pretty near a bottle of it. It was intoxicating." Appellant testified in her own behalf in effect that the officers came to her house at night disguised as workingmen and wanted something cold to drink and she told them she would fix them some ice-water; that when they went to the refrigerator one of them raised its top up and said to the other, "Oh, yes, boys, this woman has got something to drink here." She testified that she told him that what was in the refrigerator was her husband's, that he had it to drink for himself, and did not have it for sale, but she said they reached down in there and took some of it out themselves. She denied making any sale of any of this liquor, and denied receiving money for same. The defense also introduced another woman who was in the house at the time, who testified to the fact that appellant went to get the men some ice-water and she could not tell what took place at the refrigerator further than that when appellant came back into the room she was scared and excited. Appellant introduced another witness who testified that he had seen a beverage called home brew and had been told how it could be made, and that if made in the manner indicated by him it would not be intoxicating. The general reputation of appellant was shown to be good.

Appellant complains of the charge of the court, asserting that same did not give to the jury the law applicable to facts which make out the offense defined in Art. 667 P. C., and contending that the facts in evidence did not make out the case defined in the charge of the court. We can not agree to this contention. While witnesses called the liquor sold by appellant, home brew,—they did not stop at this but explained and testified that same was an intoxicating liquor. Regardless of whether the witnesses called the liquor sold, tequila or choc beer or home brew or champagne or any other name, if the proof further shows that such liquid by whatever name known, was intoxicating, a case would be made out under Art. 666, P. C., and it would not be necessary for the court to charge the law applicable to the offense described in Art. 667 P. C. We think the authorities cited by appellant in his able brief are sound and apply to the facts of the particular cases in which the opinions were rendered, but do not believe them to have application to the facts before us.

The court instructed the jury that by the term "intoxicating liquor" as used in this charge was meant a liquor intended for use

as a beverage, or capable of being so used, which contained alcohol, obtained either by fermentation or distillation and which would produce intoxication when taken in such quantities as may practically be drunk. We think this presents a substantially correct proposition and that the jury fully understood therefrom the kind of liquor which is deemed by our statute to be intoxicating. We are of opinion that no error was committed by the refusal of appellant's peremptory charge.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

MORROW, P. J., not sitting.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The motion is addressed to the criticism of the instruction given to the jury defining intoxicating liquor. In the evidence the liquid is described as home brew, and witnesses who drank some of it testified that it was intoxicating. Such evidence has been held competent on many occasions. See Joyce on Intoxicating Liquors, sec. 674; Terry v. State, 44 Tex. Crim. Rep. 411. Testimony was given describing the effect produced by drinking the liquid. This was also competent. Joyce on Intoxicating Liquor, sec. 674; Taylor v. State, 44 Tex. Crim. Rep. 437; Pike v. State, 40 Tex. Crim. Rep. 613. The fact that the liquid in question was called "home-brew" was not conclusive against the State. The court has no judicial knowledge of the contents of home brew. Eubank v. State, 286 S. W. Rep. 234; Briggs v. State, 280 S. W. Rep. 775; Henson v. State, 280 S. W. Rep. 592. However, in the present case the proof shows that the liquid in question was intoxicating. The definition of intoxicating liquor used is not at variance with those heretofore approved by this court. See James v. State, 49 Tex. Crim. Rep. 334. The definition is also in accord with Art. 673, P. C., classifying the articles which come within the purview of Art. 666, P. C.

The case of Scott v. State, 14 S. W. (2d) 272, is not applicable. The idea controlling in that case was that "beer" being a known intoxicant, proof that the liquid sold was *"beer"* discharged the burden resting upon the State to prove that the liquid was intoxicating. In the instant case the State does not rely upon the name but upon the showing of the effect and nature of the liquid.

The motion is overruled.

*Overruled.*