CLEM McDOW v. THE STATE.

No. 15083.   Delivered March 23, 1932.

The opinion states the case.

*Earl M. Greer,* of Wills Point, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully possessing intoxicating liquor for the purpose of sale is the offense; penalty assessed at confinement in the penitentiary for one year.

The dwelling and barn of the appellant were searched under the authority of a search warrant and about seventy bottles of beer were found. Some of the witness called the beer "home-brew". However, each of them testified to having tasted and drunk some of the liquid and said that it was intoxicating. The liquid seized was exhibited at the trial.

There are no exceptions to the charge of the court.

The first bill of exception complains of the overruling of the motion for new trial. The motion objects to the introduction of testimony and challenges the sufficiency of the evidence. The ruling of the court to which reference is made in the motion for new trial is embraced in certain bills of exception.

Bill No. 2 complains that the automobile belonging to Wiley Bullard was searched and that certain empty beer bottles were found therein. The bill is incomplete in failing to set out the surrounding facts to enable this court to determine whether it has merit or not. The complaint is that a search was made of the car belonging to Wiley Bullard in which the appellant was riding. From the statement of facts it appears that the car was searched upon the arrest of the appellant and his companions because they were "cutting up" and were intoxicated.

Bill No. 3 presents the same matter as that contained in Bill No. 2.

Bill No. 4 challenges the sufficiency of the evidence upon the ground that the liquid was not shown to have been intoxicating. This is based upon the testimony of some of the witnesses who called the liquid "home-brew", and because there was no examination of the liquid by a chemist to show its alcoholic contents. The witness testified that the liquid was intoxicating and also testified to sufficient facts showing knowledge of the liquor. Under such circumstances, it is not necessary that the state prove the alcoholic contents of the liquid. The sufficiency of the testimony to justify the jury in concluding that the liquid possessed by the appellant was intoxicating is not open to question. This has been expressly held in many cases and text-books found collated in the case of Coleman v. State 112 Texas Crim. Rep., 635, 18 S. W. (2d) 162. (See motion for rehearing).

The judgment is affirmed.

*Affirmed.*