## MRS. JIM WEEKS V. THE STATE.

No. 21168. Delivered June 19, 1940.
Rehearing Denied November 6, 1940.

The opinion states the case.

*Myres & Myres,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is the sale of beer in a dry area. The punishment assessed is a fine of $100.00.

Appellant challenges the sufficiency of the evidence to sustain her conviction.

The record shows that on the 24th day of October, 1939, W. F. Williams and four companions went to the home of the appellant and purchased from her five cans of beer for which Williams paid her one dollar. He further testified: "I think that is the lady sitting there (pointing to Mrs. Jim Weeks) that sold us the beer."

Juanita House testified that she accompanied Mr. Williams and three others to the home of Mrs. Jim Weeks; that she had known Mrs. Weeks prior to the time in question; that they went into her home and took seats at a table and Mrs. Weeks brought five cans of beer to them and opened them. We quote from her testimony as follows: "I won't say for sure that that lady sitting there (pointing to defendant, Mrs. Jim Weeks) was the one that brought us the beer, because the lights was dim * * * but I think it was Mrs. Weeks that brought the beer in to us. * * * She was the only woman there, except the one in our crowd."

Appellant did not testify or offer any affirmative defense. It was admitted on the trial that Johnson County was a dry area.

We think the evidence is sufficient to identify the appellant as the person who sold the beer.

Her next contention is that the evidence fails to show the alcoholic contents of the beer and is therefore insufficient to show that it was intoxicating. This court has held that it will take judicial knowledge that beer is intoxicating. See Scott v. State, 112 Tex. Cr. R. 84; Moreno v. State, 64 Tex. Cr. R. 660; Fulmer v. State, 115 Tex. Cr. R. 239, 29 S. W. (2d) 789.

Appellant also complains of the court's action in declining to sustain her motion to quash the complaint and information. We deem the complaint and information sufficient. It is alleged that Mrs. Jim Weeks, on or about the 24th day of October, 1939, possessed for the purpose of sale an intoxicating beverage, to-wit; beer; and it is further charged that the beer was possessed in Johnson County after an election had been held within and for said county for the purpose of determining whether the sale of intoxicating liquors should be prohibited; that such

election resulted in favor of prohibition, etc. This was sufficient under the law to charge the offense of which she was convicted.

All other matters complained of have been examined by us and are deemed to be without merit.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In her motion for rehearing appellant insists that the evidence was insufficient to warrant a conviction because it does not show that the beer involved was intoxicating. On the other hand, the witnesses who drank a part of it said that they did not become intoxicated.

Appellant presents that under the rule laid down in Holman v. State, 14 S. W. (2d) 849, the proof is insufficient because it does not affirmatively show the beverage to be intoxicating. It is apparent that appellant overlooks the definition of "beer" as contained in the present statute. Furthermore, the case is distinguishable from the Holman case in that there was an issue raised as to whether or not it was "beer" or "home brew." Defendant testified in that case that the liquid in question was not beer; that it was not intoxicating, and that it was home brew in the making which had not reached the stage at which it could be served for drinking, but had only "started." An issue was squarely raised in that case and this court properly held that it should be submitted to the jury. No such issue appears in the case at bar.

We adhere to the original opinion. The motion for rehearing is overruled.