JOHN H. COGSWELL V. STATE

No. 25689. February 13, 1952.

Hon. Tom W. Morris, Judge Presiding.

*Mahlon L. Walters,* Jefferson, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

The conviction is for the unlawful possession of intoxicating liquor for the purpose of sale in a dry area. The penalty assessed is a fine of $300.00.

The record is before us without a statement of facts and bills of exception.

Appellant has vigorously attacked the complaint and information, taking the position that no offense is charged. The matter complained of appears to be this: That part of the informa-

tion which alleges that an election had been held by reason of which the area became dry, reads as follows:

"* * * after an election had been held * * * to determine whether or not the sale of intoxicating liquor, to-wit, beer, should be prohibited ****."

Appellant's contention is that "liquor" having been defined in the statute as meaning an alcoholic beverage containing alcohol in excess of four per cent by weight, and the term "beer" having been defined in the statute as a malt beverage containing one-half of one per cent or more of alcohol by volume and not more than four per cent of alcohol by weight, that the terms used in the information, namely, "intoxicating liquor, to-wit, beer," is meaningless and charges no offense. Appellant seems to take the position that the use of the word "liquor" in the information is a use of it in the sense of the statutory definition above mentioned as set forth in Article 666-3a, Vernon's Ann. P.C.

It is amply evident from the reading of the information and is frankly conceded by appellant's able counsel himself that the state was attempting to charge the appellant with the offense of possessing beer for the purpose of sale in a dry area. It is our opinion that the phrase "intoxicating liquor" was using the word "liquor" as a generic term and not in the restricted sense or definition given to the word "liquor" by Art. 666-3a, supra.

We think the decision in Bell v. State, 142 Tex.Cr.R. 390, 154 S.W. (2d) 650, is in point. In that case the court held in part as follows:

"He moves to quash the complaint and information because, as he alleges, the same is repugnant in that they charge him with the unlawful possession for the purpose of sale of 'beer containing alcohol in excess of one-half of one per centum by volume, same being an intoxicating liquor,' etc.

*   *   *   *

" 'The term "beer" means a malt beverage containing one-half of one per cent or more of alcohol by volume and not more than four (4) per cent of alcohol by weight, and shall not be inclusive of any beverage designated by label or otherwise by any other name than beer.' (Art. 667-1, (b) Vernon's Ann. P.C.)

"While 'liquor' is defined by Art. 666-3a, P.C., idem, as follows:

" 'Liquor shall mean any alcoholic beverage containing alcohol in excess of four (4) per centum by weight, unless otherwise indicated.'

"It is our opinion that the use of the words 'same being an intoxicating liquor' did not mean to charge that such beer was 'liquor,' as above set forth and defined by the statute. That such phrase was but a generic term, and could as well have read 'same being an intoxicant,' or an intoxicating beverage, and would thus have conveyed the meaning intended by the pleader. Of course if such beer was not an intoxicant it would not have come under the denunciation of this statute, which is denominated the 'Texas Liquor Control Act,' nor would same have been unlawful to possess. The word 'liquor' does not in every instance used bear the restricted meaning set forth in the statute. If such were true, then the *Liquor* Control Board would be limited in its jurisdiction to beverages containing more than four per cent of alcohol by weight; and in many places in such Liquor Control Act where the word 'liquor' or 'intoxicating liquor' is used in conjunction with the regulation of the sale of 'beer,' such would be restricted only to the heavier alcohol percentage of more than four per cent. To thus hold the phrase 'intoxicating liquor' to this narrow meaning would leave unattended to many matters that the law-making body legislated upon in the realm of lesser percentages of alcohol than four per cent by volume."

If appellant is seeking to attack that part of the information which alleges the holding of an election, then as to such matter, we have this to say:

The information alleges:

"* * * after an election has been held by the qualified voters of said county in accordance with law to determine whether or not the sale of intoxicating liquor, to-wit, beer, should be prohibited in said county," etc.

In Weeks v. State, 140 Tex.Cr.R. 246, 143 S.W. (2d) 956; we held the complaint and information to be sufficient. These instruments alleged that the accused, on or about the fourth day of October, 1939, possessed for the purpose of sale an intoxicating beverage, to-wit, beer; and it was further charged that the beer was possessed in Johnson County after an elec-

tion had been held in and for said county for the purpose of determining whether the sale of intoxicating liquor should be prohibited; that such election resulted in favor of prohibition. In that case the instruments seemed to be sufficient to charge the offense of which the conviction was had.

Relative to the state's position that the word "liquor," as used in the information in the present case, is used in the generic sense rather than in the sense given it by statutory definition, we cite the case of Griffin v. State, 137 Tex.Cr.R. 231, 128 S.W. (2d) 1197. This was a case where the prosecution was for the sale of beer in a dry area. It was shown that an election was held for the purpose of determining whether the sale of intoxicating liquor should be prohibited. The opinion affirmed the conviction, and on the motion for rehearing, Judge Hawkins, in paragraph 8, referred to beer as "liquor," using the word in its generic sense. In part he said:

"Our present statute specifically makes it an offense to sell 'beer'—naming it among other liquors—in dry area. Art. 666-4, Sec. (b), Vernon's Texas P.C., Vol. 1, Acts 1937, 45th Leg., p. 1053, ch. 448. Under the present law it was sufficient to describe the liquor sold as 'beer' only. The pleader here amplified the description in saying it was an alcoholic beverage containing in excess of one-half of 1 per cent of alcohol by volume."

In the absence of a statement of facts, we find no other point presented for review.

The judgment will therefore be affirmed.