ACCEPTED
06-15-00086-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/15/2015 12:49:47 PM
DEBBIE AUTREY
CLERK

# GEORGANNA L. SIMPSON, P.C.

ATTORNEY AT LAW
1349 EMPIRE CENTRAL DRIVE
WOODVIEW TOWER, SUITE 600
DALLAS, TEXAS 75247-4042
PHONE 214-905-3739 • FAX 214-905-3799

GEORGANNA L. SIMPSON
EMAIL: georganna@glsimpsonpc.com

OF COUNSEL: BETH M. HEARN

RECImageED IN
~~6th COURT OF APPEALS~~
TEXARKANA, TEXAS
12/15/2015 12:49:47 PM
DEBBIE AUTREY
Clerk

December 15, 2015

Sixth District Court of Appeals
Debbie Autrey, Clerk
100 North State Line Ave., Ste. 20
Texarkana, Texas 76701

**Via E-Service**

Re:   *In re Tara Tyndell*, No. 06-05-00086-CV

**REAL PARTIES IN INTEREST'S POST-SUBMISSION LETTER BRIEF**

Dear Ms. Autrey,

Please accept this post-submission letter brief in the above-referenced cause, which was requested by the Court at the oral argument held on December 9, 2015, and bring it to the attention of the justices at your earliest convenience.

## A.   Best Interest of the Child

At the hearing on her motion to transfer, Mother failed to produce any evidence that transferring the SAPCR to Jefferson County would be in the best interest of the Child. Texas Family Code Section 153.002 provides:

> The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child.

Tex. Fam. Code § 153.002. Further, the Texas Family Code reflects a legislative intent that "matters affecting the parent-child relationship be heard in the county where the child resides." *Leonard v. Paxson*, 654 S.W.2d 440, 442 (Tex. 1983) (orig. proceeding). Not only did Mother present no evidence of a valid marriage that is subject to dissolution, she also did not present any evidence that the best interest of the Child would be served by hearing this case in a county [Jefferson County] other than where he has resided for the last five years [Hunt County[1]].

Mother argued that because the word "venue" was not included in Texas Family Code Section 153.002 then the best interest of the child should not be at issue when determining venue. However, Mother's argument ignored the fact that this SAPCR proceeding's sole purpose was to determine conservatorship and possession of and access to the Child, and venue is at issue in making that determination. Additionally, Mother's argument ignored the legislature's consistent focus on the best interest of the child throughout the Texas Family Code. *See e.g.*, Tex. Fam. Code §§ 45.004, 54.04, 51.11, 65.059, 105.004, 107.202, 153.001, 156.101, 157.374, 161.001, 162.016, 263.307,

---

[1] Jefferson County is located approximately 300 miles from Hunt County and takes approximately 5.5 hours to travel by car between these counties. Additionally, there are no airlines that fly between Hunt County and Jefferson County.

264.001, 266.004. Given this legislative mandate to always consider the best interest of the child, it is reasonable to presume that implicit in Texas Family Code Section 155.201 is an understood requirement that the parents are married and that at least one parent is a managing conservator of the child or at a minimum has been residing with the child. To hold otherwise would disregard the best interest of the Child and would promote forum shopping. Without this understood prerequisite, a parent—who may be neither a managing conservator nor even be residing with the child—could simply allege an informal marriage and file for divorce in a different county from where the child has been residing with the goal of obtaining a transfer of a pending SAPCR after receiving an adverse ruling.

During oral argument, this Court expressed concern for the possibility of a final divorce decree that would not provide for conservatorship and possession of and access to the Child. However, this situation occurs regularly when the UCCJEA or UIFSA requires a SAPCR to be heard separately from a divorce proceeding. Tex. Fam. Code §§ 152.001–152.317, 159.001–159.902; s*ee, e.g.*, *In re Dean*, 393 S.W.3d 741, 747 (Tex. 2012).

## B. Response to Mother's Post-Submission Letter

In response to Mother's Post-Submission Letter Brief filed on December 10, 2015, Aunt and Uncle submit the following for consideration by this Court:

### 1. Mandamus Review.

Mother relies on *In re China Oil and Gas Pipeline Bureau*, 94 S.W.3d 50 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding) to support her contention that this Court is restricted to the trial court's "specific bases" for its decision.[2] Mother misplaces her reliance.

In *In re China Oil*, the order subject to the mandamus specifically stated findings to support the trial court's judgment. *Id.* at 54–55. Nevertheless, the parties disputed in the mandamus proceeding whether the trial court could have reached its decision on a ground specifically not ruled on according to the trial court's findings. *Id.* at 63–64.

The appellate court noted that a relator bears "a heavy burden" to establish that the trial court abused its discretion. *Id.* at 56 (citing *Canadian Heli-*

---

[2] No court has cited this opinion for this proposition. *Cf. In re Lambdin*, No. 07-03-00328-CV, 2003 WL 21981975, at *3, n.4 (Tex. App.—Amarillo 2003, orig. proceeding) (denying mandamus when "[t]he trial court did not specify the particular ground or reason why it denied the motion to transfer[,]" and the "trial court *could very well have held* that [Mother] waived her venue complaint.") (emphasis added).

*copters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994)). The court further stated that because the trial court's ruling was expressly limited to whether a particular statutory exception applied, it would be inappropriate for the appellate court to rule in a mandamus proceeding on a different exception explicitly not addressed by the trial court. *Id.* at 64.

Here, although Respondent stated at the hearing's conclusion reasons he was inclined to deny Mother's motion to transfer, he also stated that he intended to do more research before ruling. **2RR:25–29**. Further, the signed order denying Mother's motion to transfer stated *no specific basis* for the denial. **App.3:2**. Rather, it simply stated that "after reviewing the arguments of counsel and authorities, [the court] finds that [Mother's motion] should be denied." **App.3:2**. Mother has not met her heavy burden to establish that Respondent abused his discretion in denying her motion to transfer when she presented no evidence to the Hunt County trial court supporting a transfer to another county where the Child had never resided.

## 2. Knowing Waiver.

Mother asserts that the actions of an attorney are not always binding on the client. However, even presuming this is true, Mother's participation in mediation was inconsistent with her pending motion to transfer.

5

A waiver of a right occurs when one with full knowledge of material facts does something that is inconsistent with the right or her intention to rely on it. *Ford v. Culbertson*, 308 S.W.2d 855, 865 (Tex. 1958). Regardless of Mother's knowledge of her attorney's actions, Mother cannot reasonably claim that she did not understand, or that she should not have understood, that participating in mediation was inconsistent with her motion to transfer. If she had participated in mediation in good faith to settle the case, then she should have known that upon reaching a settlement agreement, there would not have been any case left to be transferred.

### 3. Manipulation Findings.

Mother attempts to distinguish the facts of this case from the case cited by Aunt and Uncle in their response to her petition for writ of mandamus, (*Garza v. Tex. Dep't of Human Servs.*, 757 S.W.2d 44 (Tex. App.—San Antonio 1988, writ denied)) and the case referred to by Respondent during the hearing on Mother's motion to transfer (*Huey v. Huey*, 200 S.W.3d 851 (Tex. App.—Dallas 2006, no pet.)) to support her claim that the evidence did not support a manipulation finding. Mother continues to read the case law too narrowly.

Here, in addition to evidence that Mother lacked respect for the trial court's authority, Mother did not allege she was informally married to Father until *after* the trial court entered temporary orders for supervised visitation—five months after Mother initiated the SAPCR. **RPI.App.5:2–3**; **OA.2, 12, 15**. While there was no judicial admission or a violation of an order to create jurisdiction, Mother's actions could have reasonably been interpreted as an attempt to manipulate jurisdiction and to avoid an unfavorable final judgment. *See In re R.E.A.*, No. 13-10-0057-CV, 2011 WL 3557427, at *1 (Tex. App.—Corpus Christi 2011, no pet.) (mem. op.); *In re M.A.S.*, 246 S.W.2d 182, 184 (Tex. App.—San Antonio 2007, no pet.); *Garza*, 757 S.W.2d at 45.

Respectfully submitted,

/s/Beth M. Hearn
Beth M. Hearn,
beth@bhearnlegal.com
Of Counsel to Georganna L. Simpson, P.C.
Attorney for Real Parties in Interest
John and Jennifer Nowell

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Real Parties in Interest Jennifer Nowell and John Aubrey Nowell's Post-Submission Letter Brief has been served as follows:

**Hon. J. Andrew Bench**                                            **Via E-Service**
196th Judicial District Court                              jdeary@huntcounty.net
P.O. Box 1097
Greenville, Texas 75401-1097
**Respondent**


**E. Alan Bennett**                                                **Via E-Service**
Sheehy, Lovelace & Mayfield, P.C.                          abennett@slmpc.com
510 N. Valley Mills Dr., Ste. 500
Waco, Texas 75710
**Relator Tara Brook Tyndell's Attorney**


/s/Beth M. Hearn
Beth M. Hearn
Of Counsel to Georganna L. Simpson, P.C.